40594.   LAW v. HULSEY.

Decided March 17, 1964.

*C. Winfred Smith*, for plaintiff in error.
*Stowe & Andrews, Robert E. Andrews*, contra.

Felton, Chief Judge.   The only question in this case is whether a verdict was demanded for the defendant since it is never error to refuse to direct a verdict unless the exception is to the overruling of a judgment n.o.v.   Even if a refusal to direct a verdict could be the ground of exception such an exception cannot be the ground of a motion for a new trial.   The real heart of the plaintiff in error's contention is that where the plaintiff makes out a prima facie case by proving that his property was injured by the bull's being on the highway and the resulting injuries, and the defendant introduces evidence from which the jury could infer that the defendant was not negligent, the plaintiff must introduce additional evidence of the negligence of the defendant in order to carry his original and continuing burden of proving the defendant's negligence.   It is true that

where a prima facie case is made in such a case and a defendant introduces evidence from which a jury could absolve the defendant from negligence and liability the plaintiff cannot recover on the permissible inference or presumption by which he gets his case to the jury. The question of the plaintiff's right to recover depends on the evidence in the case and not on the prima facie proof made by the plaintiff. See *Porier v. Spivey*, 97 Ga. App. 209 (102 SE2d 706); *Richter Bros. v. Atlantic Co.*, 59 Ga. App. 137, 142 (200 SE 462); *Gibson v. Gibson*, 54 Ga. App. 187, 188 (187 SE 155). The defendant's evidence in this case does not demand a finding that the defendant was not negligent. While the jury might have been authorized to so find, it could have found that the defendant's explanation of what care was exercised was not enough to exculpate him. The defendant's evidence had contradictions, discrepancies and hiatuses which authorized a finding that the defendant, and the tenant whose duty it was as agent of the defendant to keep the bull fenced in, were guilty of negligence in allowing the bull to get from the back pasture into the pasture next to the road and in not building the fence next to the road high enough to prevent the bull and the cows, which sometimes got into the pasture near the road, from jumping the fence as the jury could have found that the animals had done on other occasions. The evidence did not demand a finding for the defendant, and the court properly overruled the defendant's motion for a new trial. *Dodd v. Callaway*, 76 Ga. App. 629 (2) (46 SE2d 740); *Central of Ga. R. Co. v. Grace*, 46 Ga. App. 101 (166 SE 684); *Parish v. Southwestern R. Co.*, 57 Ga. App. 847 (1) (197 SE 66); *Callison v. Savannah & A. R. Co.*, 82 Ga. App. 666 (1) (62 SE2d 408); *Atlantic C. L. R. Co. v. Rowe*, 83 Ga. App. 540 (64 SE2d 216).

*Judgment affirmed. Frankum and Pannell, JJ., concur.*