### 44002.   GREEN v. HEARD MILLING COMPANY, INC.

BELL, Presiding Judge.   Heard Milling Company, Inc. brought this suit based on negligence against Hubert Green to recover for property damages caused when plaintiff's tractor-trailer truck collided with defendant's stray cow.   See *Code Ann.* § 62-1604.   Defendant counterclaimed for the value of the cow.   Trial of the case resulted in a verdict for plaintiff.

1. In *Porier v. Spivey*, 97 Ga. App. 209, 211 (102 SE2d 706), this court held: The mere fact that livestock is running at large permits an inference that the owner is negligent in permitting the livestock to stray; but when the owner introduces evidence that he has exercised ordinary care in the maintenance of the stock, that permissible inference disappears.   Defendant here contends that testimony as to his care in maintaining his pasture fence demanded a verdict in his favor under the principle stated in *Porier*.   We reject this contention as we did in *Law v. Hulsey*, 109 Ga. App. 379, 380 (136 SE2d 161), for the reason that the transcript contains evidence of defendant's negligence other than the mere fact that the animal had strayed onto the highway. There was contradictory testimony that there was a hole in the pasture fence near the place where the collision occurred, as well as testimony that a gate was open on the back side of the pasture.   The denial of defendant's motion for a directed verdict was not error.

2. In response to plaintiff's motion for a directed verdict on defendant's counterclaim, the court did not err in refusing to submit to the jury the issues raised in the counterclaim or in instructing them to disregard it.   As livestock running

at large on a public road are trespassers, a motorist is liable only for wilful and wanton negligence in injuring them. *Tennessee, Ala. &c. R. Co. v. Andrews,* 117 Ga. App. 164, 170 (159 SE2d 460). There was no evidence sufficient to authorize a finding that plaintiff's driver was guilty of that degree of negligence.

3. The evidence authorized a verdict for plaintiff. However, the verdict exceeded by $500 the amount of damages pleaded and proved by the evidence. As this obviously was due to mathematical error, the judgment will be affirmed with direction that the principal amount be reduced to $8,237.41.

*Judgment affirmed with direction. Hall and Quillian, JJ., concur.*

SUBMITTED OCTOBER 8, 1968—DECIDED JANUARY 30, 1969.

*William A. Ingram,* for appellant.
*Samuel P. Burtz,* for appellee.