### 46638. WILKINS v. BEVERLY.

DEEN, Judge. Although *Code* § 62-601 relating to the fencing of animals in stock-law counties has been superseded by *Code Ann.* § 62-1604 which makes the provisions state-wide, the duty of the owner is the same in both instances. "The mere fact that livestock is running at large permits an inference that the owner is negligent in permitting the livestock to stray; but when the owner introduces evidence that he has exercised ordinary care in the maintenance of the stock, that permissible inference disappears." *Green v. Heard Milling Co.,* 119 Ga. App. 116 (166 SE2d 408) following *Porier v. Spivey,* 97 Ga. App. 209, 211 (102 SE2d 706). For the evidence to require a verdict for the defendant it must demand a finding that he was not negligent in any respect. A jury question reappears in the case where, although evidence of facts showing ordinary care on his part have been introduced, other facts would support a contrary inference. One such fact has been held, in *Law v. Hulsey,* 109 Ga. App. 379, 380 (136 SE2d 161) to be testimony that the defendant was negligent "in not building the fence next to the

road high enough to prevent the bull and cows, which sometimes got into the pasture near the road, from jumping the fence." In the present case the defendant testified that his fences were four feet high and kept in good repair and that this height was sufficient, but there was opinion testimony that race horses such as the animal here needed to be restrained by fences five or six feet in height. Except for this contingency and a suggestion that the horse could have been pushed *through* the fence while fighting, as to which no supporting evidence was offered, the presence of the horse on the highway is unexplained.

The evidence is sufficient to support an inference that the defendant was lacking in ordinary care under the circumstances in not erecting a higher fence. Whether or not this is true is an issue best left to the local jury.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
ARGUED OCTOBER 4, 1971—DECIDED NOVEMBER 12, 1971.

*Jim T. Bennett, Jr. & Associates, George M. Saliba,* for appellant.
*McLane & Dover, H. Arthur McLane,* for appellee.