### 75294. NICHOLS v. FREY.
(366 SE2d 212)

Carley, Judge.

Appellant-plaintiff brought this action, seeking to recover damages as the result of a collision between his truck and a horse owned by appellee-defendant. In his complaint, appellant alleged that the proximate cause of his damages was appellee's negligence in permit-

ting his horse to stray upon a public road. Appellee answered, denying the material allegations of the complaint. Appellee moved for summary judgment on the ground that he had taken all reasonable precautions and had exercised due diligence as to the confinement of his horse. It is from the trial court's grant of appellee's motion for summary judgment that appellant brings this appeal.

"In cases where in a stock-law county a person is injured or damaged by livestock straying or running at large, there arises a permissible inference authorized prima facie by the mere fact of the running at large by the animal that the owner of the livestock was negligent in allowing the stock to run at large or stray, but when the owner introduces evidence which would authorize a finding that he had exercised ordinary care in the maintenance of the stock, that permissible inference disappears." *Porier v. Spivey*, 97 Ga. App. 209, 211-212 (1) (102 SE2d 706) (1958). In support of his motion for summary judgment, appellee submitted his own affidavit. Appellee contends that, in his affidavit, he demonstrated that he had used ordinary, reasonable care in maintaining his pasture fence and that this evidence was sufficient to rebut the permissible inference of his negligence which would arise from the fact that his horse had been running loose on a public road.

It is possible that, under the principle stated in *Porier*, supra, portions of appellee's affidavit may have been sufficient to rebut a presumption of his negligence. However, there exists "evidence of [appellee's] negligence *other* than the mere fact that the animal had strayed [in the road]. There was [un]contradict[ed] testimony that there was a hole in the pasture fence. . . ." (Emphasis supplied.) *Green v. Heard Milling Co.*, 119 Ga. App. 116 (1) (166 SE2d 408) (1969). See also *Law v. Hulsey*, 109 Ga. App. 379, 380 (136 SE2d 161) (1964). Appellee's affidavit offered a non-negligent explanation as to how the hole in the pasture fence had been created: His two horses had "apparently got into a fight and broke through the fence[, although they had] never fought prior to this occasion." This explanation was not based on appellee's personal knowledge of the occurrence of such an event but constituted only appellee's opinion based on his examination of the fence and the horses after the collision had occurred. "[A]ny witness may give his opinion if he testifies to the facts on which such opinion is based [cit.], but in no case where the facts are before the trior of facts can it be said that a judgment is demanded as a matter of law based upon the opinions expressed, for the trior of facts may arrive at a different conclusion based upon the evidence introduced and is not bound by the opinion testimony. [Cits.] . . . . While opinion evidence adduced by the respondent is sufficient to preclude the grant of a summary judgment [cit.], it does not follow that the introduction of opinion evidence by the movant will author-

ize the grant of a summary judgment, since no burden is upon the respondent to rebut the movant's case until the movant has first removed, by his affidavits, admissions, interrogatories, etc., all jury questions from the case. [Cits.]" *Harrison v. Tuggle*, 225 Ga. 211, 212-213 (2) (167 SE2d 395) (1969). "[T]his is not the type of case in which [opinion evidence] introduced by the movant will authorize the grant of summary judgment. [Cits.]" *Morton v. Allstate Ins. Co.*, 169 Ga. App. 742 (315 SE2d 261) (1984).

For purposes of summary judgment, appellee's opinion evidence was insufficient to negate the possibility that the hole in the fence and the escape of the horse had resulted from his negligence. " 'On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts.' [Cit.]" *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551, 552 (181 SE2d 866) (1971). It follows that the trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 15, 1988.

*Stephen F. Mackie, Kenneth W. Revell, Darlene J. Palmer*, for appellant.

*Albert J. DeCusati, M. David Merritt*, for appellee.