A92A1364. POUNCEY v. ADAMS.
(424 SE2d 376)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Janice Pouncey appeals from the judgment entered against her and in favor of appellee/defendant Ross W. Adams. Appellant brought suit seeking damages for injuries sustained when the automobile in which she was a passenger struck appellee's horse. The horse had escaped from its enclosed pasture, crossed a public highway, and was struck by the automobile in which appellant was riding. *Held*:

1. Appellant asserts the trial court erred in admitting evidence, over objection on the grounds of lack of relevance and violation of the collateral source rule, that appellant took sick leave from her employment to avoid wage loss. Pretermitting this issue is the issue whether any such error would have been prejudicial had it occurred as enumerated. Appellant did not pose any specific foundation objection as to the use of the statement in her deposition for impeachment purposes, or specifically object to impeachment on any other ground. Therefore, these objections are waived. See *Gully v. Glover*, 190 Ga. App. 238 (4) (378 SE2d 411).

The verdict rendered in this case was in favor of the appellee/defendant; this is not a case where verdict was rendered for appellant/plaintiff and the damage award was either zero or of some inadequate amount. The evidence pertaining to the use of sick leave either was relevant to the issue of impeachment or it was not. Assuming without deciding that the admitted evidence was relevant, albeit

doubtful, as to the question of impeachment (as argued by appellee), the trial court would not have abused its discretion in admitting it (see generally *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (2) (377 SE2d 15)), and no error occurred. *West v. Nodvin*, 196 Ga. App. 825, 828 (3b) (397 SE2d 567). It is well established that if evidence is duly admissible under any legitimate evidentiary theory, it should be admitted even though it would not qualify for admission under one or more other evidentiary theories. *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298). In such circumstances, the objecting party's remedy is to seek appropriate limiting instructions as to the evidence in question. Assuming, however, the evidence pertained only to the issue of damages and was admitted in violation of the collateral source rule (as argued by appellant), then the error occurring nevertheless would be harmless in this instance. Where an error in the giving of a charge or in the admission or exclusion of evidence relates only to the issue of damages, and the jury finds the defendant not liable, the error is harmless because it does not affect the verdict. *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510); accord *Barnes v. Wall*, 201 Ga. App. 228, 230 (3) (411 SE2d 270).

2. Appellant asserts the trial court erred in charging the jury on the issue of permissible inference. Appellant took exception to the charge on the grounds it is an incorrect statement of law and that it was confusing and misleading to the jury. Assuming without deciding that this broad exception, which is lacking of any specificity as to why the charge was legally incorrect, confusing or misleading, is adequate to preserve the issue of charging error on appeal, we find that, assuming charging error occurred, it was harmless in this case.

The trial court charged the jury pertinently as follows: "The duty placed upon [a livestock] owner by law is to exercise ordinary care to keep his livestock from straying or running at large beyond the limits of the owner's property. In cases where a person is injured or damaged by livestock straying or running at large there arises a *permissible inference* authorized by the mere *fact* of the running at large by the animal that the owner of the livestock was negligent in allowing the stock to run at large or to stray. But when the owner introduces evidence *which would authorize a finding* that he had exercised ordinary care in the maintenance of the stock, that *permissible inference disappears. It is thus for you, the jury, to determine whether or not the [appellee/defendant] has introduced sufficient evidence to overcome the permissible inference of negligence. If you find that he has not, you would be authorized to return a verdict in favor of the [appellant/plaintiff]. If you find on the other hand that he has, you would be obligated to return a verdict in favor of [appellee/defendant]* unless you have found . . . the [appellee/defendant] otherwise

negligent in such a way as to proximately cause injuries to the [appellant/plaintiff]." (Emphasis supplied.) Thereafter, the trial court instructed the jury that the burden of proving each element of the claim was on appellant/plaintiff.

In support of this enumeration appellant relies primarily upon the language contained in *Miller v. Miller*, 258 Ga. 168, 170, n. 6 (366 SE2d 682) and cases cited therein. She argues that she was harmed when the jury was instructed that the permissible inference would disappear when rebutted, and in charging on permissible inference rather than on the law of presumptions.

Appellee asserts that the permissible inference would in fact disappear if rebutted. This contention is tacitly supported by the seminal case of *Porier v. Spivey*, 97 Ga. App. 209 (1c) (102 SE2d 706) and its progeny, although all of these cases precede *Miller*, supra, and none of them concerns the question of what constitutes a correct charge to the jury regarding this issue. Accord *Nichols v. Frey*, 185 Ga. App. 829 (366 SE2d 212); *Wilkins v. Beverly*, 124 Ga. App. 842 (186 SE2d 436); *L & N R. Co. v. Moreland*, 122 Ga. App. 850, 854 (1) (178 SE2d 904); *Green v. Heard Milling Co.*, 119 Ga. App. 116 (1) (166 SE2d 408).

We have frequently cautioned that, although the language used in an appellate decision may embody sound law, it is not always appropriate to employ such language in instructing the jury. *Griffin v. State*, 154 Ga. App. 261, 263 (2) (267 SE2d 867). Nevertheless, in determining whether an instructional error has occurred, charges must be examined in their entirety. See generally *Jordan v. Santa Fe Engineering*, 198 Ga. App. 600, 602 (2a) (402 SE2d 304).

We find no merit in the argument that reversible error occurred when the trial court charged the jury in language of permissive inference rather than presumption of fact. Presumptions of fact are exclusively questions for the jury to decide by the ordinary test of human experience. OCGA § 24-4-20. Likewise, in arriving at a verdict, the jury from facts proved (in this instance from proof of the mere fact of the running at large of the animal beyond the owner's property, such conduct being contrary to the duty established by OCGA § 4-3-3), may infer the existence of other facts reasonably and logically consequent on those proved (that the owner of the livestock was negligent in allowing his animals to so run at large or to stray). OCGA § 24-4-9. Presumptive evidence is statutorily defined as "evidence which consists of *inferences* drawn by human experience from the connection of cause and effect and from observations of human conduct." (Emphasis supplied.) OCGA § 24-1-1 (6). Thus, a thin line exists at best between a permissible inference of fact and a rebuttable presumption of fact; and, as one writer has said, "a presumption of fact is an inference drawn from a given fact or set of facts." Green, Ga. Law of Evid.,

Presumptions, § 23. Appellant states that the real difference between a presumption of fact and an inference is in the way they are treated by the judge and jury; if it is a presumption, the judge may handle the case procedurally, but if it is an inference, it must be left to the jury. We are satisfied that based on the way this instruction was crafted, the factual principle concerned was properly labelled as a "permissible inference," and not as a rebuttable presumption. See *Nichols*, supra at 830. Assuming, however, it could have been labelled as a rebuttable presumption of fact, we find no error. The judge did not attempt to dispose of this matter as a presumption of law, but rather placed the issue in the hands of the jury. "Whether the charge is fashioned in the language of 'inferences' or 'presumptions,' the technical import of the charge is the same." *Byrd v. Hopper*, 234 Ga. 248, 251 (215 SE2d 251). This is especially true when the language charged is that of a "permissible inference" and the factual predicate for the permissible inference is clearly set forth to the jury, as was done in this case, so no fair risk exists that the jury could view the charge as pertaining to a presumption of law. Id.

The charge at issue is not so confusing or uncertain that any fair risk exists that the jury was misled thereby. " 'It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. (Cit.) While the specific portion(s) of the charge of which complaint is made, when torn asunder and considered as a disjointed fragment, may be objectionable, when put together and considered as a whole, the charge is perfectly sound.' " *Cochran v. State*, 190 Ga. App. 884, 886 (5) (380 SE2d 319). Contrary to the tacit assertion of appellant, the jury was not instructed in this case that the permissible inference would disappear automatically when evidence was "offered" to rebut the inference. Rather, examining the charge in its entirety reveals that the jury was adequately informed that the inference would not disappear unless and until they determined that appellee/defendant had introduced "sufficient evidence to overcome the permissible inference of negligence." Accordingly, the permissible inference was not removed from the jury's consideration by the trial judge as implicitly contended by appellant.

We further find that appellant's contention that the jury must be instructed regarding presumptions is, under *Miller*, supra, without merit. First, appellant has failed to enumerate as error that the trial court erred in failing to charge the court on the law of presumptions as requested at trial. Accordingly, this issue has not been preserved for appellate review. *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (367 SE2d 272). Secondly, appellant has failed to address in her appellate brief exactly what tailored instruction should

have been given in accordance with the so-called *Miller* rule, and we will not search the record in an attempt to determine what portion of the *Miller* rule would have warranted such a charge.

Any remaining deficiencies as to this charge to which no citation of authority was provided or express argument made in support thereof in appellant's brief are deemed to be abandoned. Court of Appeals Rule 15 (c) (2); *Boatright v. State*, supra at 119 (10).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 2, 1992.

*Wesley Williams*, for appellant.
*Forrester & Brim, Weymon H. Forrester*, for appellee.

