A99A1738. JOHN HEWELL TRUCKING COMPANY, INC.
v. BROCK.
(522 SE2d 270)

McMURRAY, Presiding Judge.

Plaintiff-appellant John Hewell Trucking Company, Inc. ("Hewell Trucking") brought this action to recover for property damage sustained when one of its trucks collided with a cow owned by defendant-appellee Johnny Brock on a public road in Hall County. Brock's cow evidently strayed from a fenced and gated pasture which comprised a part of Brock's 400-acre farm. Hewell Trucking appeals from the trial court's grant of Brock's motion for summary judgment. *Held*:

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the non-moving party cannot rest on its pleadings, but rather must

point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

Viewed in the light most favorable to Hewell Trucking, the evidence reveals that Chris Phagan, who rented a truck from Hewell Trucking to haul feed, was driving the vehicle west on Joe Chandler Road at approximately 5:00 a.m., on April 24, 1997, when he collided with a cow which had strayed into the roadway, killing the animal and significantly damaging the truck. During pretrial discovery, Brock deposed that he did not know how the cow had gotten out of his pasture; that he had inspected the fencing around the pasture immediately after the accident and found no holes or fallen portions in the fence; that he checked his fences and cattle for problems daily by driving around his property; and that all his livestock had plenty of feed and water. Questioned as to other incidents involving stray cattle belonging to him, Brock deposed that other cows had gotten out since the time of the instant incident and indicated that "[o]ne might have jumped [a cattle crossing]." He further deposed that "10, 15 years ago," his insurance company paid a claim against him on a cow. Brock's testimony indicated, however, that the cow had been maintained on rented land. Otherwise, Brock deposed no other cow belonging to him had been killed in a roadway in the ten years previous. Finally, asked if "[a]ny changes [had] been made to the fencing since April 1997," Brock deposed he planned to erect hog wire fencing "around my whole farm, when I get time, just as I do."

Plaintiff's president, John Hewell, in turn, deposed that while he was aware of other instances in which cows had been in Joe Chandler Road "we can't swear they're Mr. Brock's cows because we don't know. We know of cows that [had] been hit and killed in that general area on that road." Hewell further deposed that neither he nor anyone on his behalf had inspected Brock's fences after the incident; that he did not know how the cow had gotten out; and that he knew of no one who did know how the cow got out in the road.

" 'The mere fact that livestock is running at large permits an inference[1] that the owner is negligent in permitting the livestock to stray; but when the owner introduces evidence that he has exercised ordinary care in the maintenance of the stock, that permissible inference disappears.' (Cits.) For the evidence to require a verdict for the defendant it must demand a finding that he was not negligent in any respect.

---

[1] This is not unlike that allowed plaintiffs upon the evidentiary maxim of res ipsa loquitur. See *Tuggle v. Helms*, 231 Ga. App. 899, 904 (499 SE2d 365) (McMurray, P. J., dissenting).

A jury question reappears in the case where, although evidence of facts showing ordinary care on his part have been introduced, other facts would support a contrary inference." *Wilkins v. Beverly*, 124 Ga. App. 842 (186 SE2d 436) (1971).

*Carver v. Kinnett*, 209 Ga. App. 577 (1), 579 (434 SE2d 136).

Hewell Trucking correctly argues that Brock's testimony as to the "soundness and proper construction of the fence" is in the nature of opinion testimony. Nevertheless, Brock's deposition testimony also indicated that he found no holes or breaches in the fencing surrounding the deceased cow's pasture upon inspecting it immediately after the accident and that there was feed and water. This testimony constituted direct, competent evidence showing the exercise of ordinary, reasonable care. In this regard, Hewell Trucking offered no other evidence of negligence by Brock to the contrary. While Hewell Trucking adduced deposition testimony showing that other cattle belonging to Brock had strayed beyond their pastures, no nexus was established in terms of time and location to Brock's maintenance of the fencing here in issue. Neither does the fact that Brock planned to install new fencing establish that the existing fencing was negligently maintained. Brock testified only that he planned this fencing around his entire property on a timetable convenient to him. To infer evidence of negligence by Brock on this basis would constitute only impermissible speculation. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment. [Cits.]" *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996). Although Brock's cow strayed out onto Joe Chandler Road, there is no other evidence of negligence in the record before us to rebut the proof that defendant exercised ordinary care.

On this evidentiary posture, we conclude, as a matter of law applied to undisputed fact, the trial court correctly granted Brock's motion for summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491, supra. Compare *Green v. Heard Milling Co.*, 119 Ga. App. 116 (1) (166 SE2d 408) (conflicting testimony of a hole in pasture fence, coupled with testimony that a back gate was open, was sufficient evidence contradicting that defendant's testimony of his own care in maintaining pasture fence, such that denial of a directed verdict was not error).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 8, 1999.

*Maddox, Cummings & Kelly, William A. Maddox*, for appellant.

*Carey, Jarrard & Walker, Christopher J. Walker III, Theodore W. Robinson,* for appellee.