## A00A0637. TAYLOR v. THOMPKINS.
### (531 SE2d 360)

ANDREWS, Presiding Judge.

Thomas Taylor appeals from the trial court's grant of summary judgment to W. L. Thompkins on Taylor's claim for damages after his car hit a cow. Because Taylor has not raised any issue of fact to be tried by a jury, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

OCGA § 4-3-3 provides in pertinent part that no owner shall permit livestock to run at large on or to stray upon the public roads of this state. Thus, Thompkins is liable for Taylor's damages only if Taylor can show that Thompkins owned the cow.

The evidence in the record shows that this case arose when Taylor struck a cow that was in the road, injuring himself and killing the cow. Taylor sued Thompkins because Thompkins had cows in pastures on both sides of the road at the spot where the accident

occurred. Taylor claimed that the cows in the pastures looked like the cow he hit and also that the day after the accident, someone took pictures of cow tracks walking through a cotton field toward the roadway and coming from the direction of the pasture where Thompkins kept his cows.

Thompkins testified at his deposition that he went out to look at the cow after the accident and the cow had no brand. He stated that all of his cows were branded and this was not his cow. He also testified that this cow was closer to a purebred Angus than any of his cows, that none of his cows was missing and there were no holes in the fence around his pasture.

Taylor also sued Charles Hart, claiming he owned the cow that was in the roadway. Hart's son Darrell testified at his deposition that they had cows pastured near the spot of the accident but all their cows were branded. After he heard about the accident, he sent one of his workers and his nephew to look at the cow, and the worker reported that the cow did not have a brand on it. Hart testified that he and Thompkins were the only cattle owners in that area who branded their cattle. When asked whether anyone else kept cattle similar to the one in the roadway within a half-mile radius of where the accident occurred, Hart named several other cattle owners in the immediate vicinity. He stated that there were several other herds with black cows that were within "roaming distance."

The son of Taylor's attorney, who took the pictures of the cow tracks, testified at his deposition that he found the tracks the day after the accident but he had no way of knowing how long the tracks had been there. He also testified that he walked the fence around the pasture and saw no breaks in the fence.

> "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury."

*Supchak*, supra at 683.

Here, Taylor claims there is an inference that Thompkins owned the cow because the accident occurred near his pasture, he had cows similar to the cow in the roadway and there were cow tracks in the field between Thompkins's pasture and the road. This inference becomes weaker, however, when considered in light of other testimony that there were several other pastures within a half-mile of the

accident with cows similar to the one in the roadway and a cow from any one of these could have wandered to the field beside Thompkins's pasture.

In any event, whatever inference is created, it disappears against the uncontradicted and unimpeached evidence that the cow in the roadway had no brand, that all of Thompkins's cows were branded, that none of Thompkins's cows was missing and that there was no gap in the fence around Thompkins's pasture. *Supchak,* supra. Therefore, because there is no conflict in the evidence which requires submission to a jury, the trial court did not err in granting Thompkins's motion for summary judgment.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 15, 2000.

*Whitehurst, Cohen & Blackburn, Ronald B. Warren,* for appellant.
*Alexander & Vann, William C. Sanders,* for appellee.