A02A0430. THOMAS v. MORRISON.
(567 SE2d 692)

ANDREWS, Presiding Judge.

Willie Sam Thomas appeals from the trial court's grant of summary judgment to Richard Morrison on Thomas's claim for damages after the logging truck he was driving struck one of Morrison's cows in the roadway. Because the trial court correctly found that Morrison had introduced sufficient evidence showing that he was not negligent in the maintenance of his livestock and Thomas came forward with no evidence to the contrary, we affirm.

This case arose when Thomas's truck struck a 750-pound cow belonging to Morrison on the road in front of the pasture where Mor-

rison kept his cows. Morrison said that he had separated the cows from their calves the day before and the cow must have gotten out looking for her calf. Morrison said he walked almost the whole perimeter of his fenced-in pasture the morning after the accident and later that afternoon rode around the entire perimeter in his truck. He said that he was unable to determine where the cow got out. Morrison and his son both checked the fences regularly, but there was no "system" for doing so. Morrison said that "in going about the farm we always look at the fences," but he could not state when the fences were last checked.

Morrison said the only other time one of his cows escaped was ten years ago and the cow was in a different pasture. He said it was never discovered how that cow got out, either.

The pasture fence along the road where the cow was struck was four feet high and made of hogwire with two strands of barbed wire on top. Morrison testified that he had seen a 750-pound cow jump that type of fence.

The only evidence submitted by Thomas in opposition to Morrison's motion for summary judgment was the affidavit of a veterinarian who was also a farmer and owner of cows. The veterinarian stated that "it is my opinion that a cow weighing 750 pounds would not be able to jump the five foot high barbed wire fencing without leaving some indication as to where it made its exit."

In ruling on Morrison's motion for summary judgment, the trial court noted that after Morrison introduced evidence that his fences and gates were in good repair and there were no gates open or fences down after the accident, Thomas failed to come forward with any evidence that Morrison had been negligent in maintaining his fences or his cows. This appeal followed.

"The mere fact that livestock is running at large permits an inference that the owner is negligent in permitting the livestock to stray; but when the owner introduces evidence that he has exercised ordinary care in the maintenance of the stock, that permissible inference disappears." (Punctuation and footnote omitted.) *John Hewell Trucking Co. v. Brock*, 239 Ga. App. 862, 863 (522 SE2d 270) (1999); *Green v. Heard Milling Co.*, 119 Ga. App. 116 (166 SE2d 408) (1969).

Here, Morrison has introduced evidence that his fence was in good repair and that the gates to the pasture were all closed and latched. This evidence is undisputed by Thomas. On the other hand, Thomas, apparently in an effort to show that somehow the cow was never put back in the pasture, has submitted opinion testimony that a cow could not jump the fence without leaving some sign. But, there is no evidence the cow was not put back in the pasture. The only evidence in the record is Morrison's testimony that there were no cows

left outside the fenced pasture after the cows and calves were separated the night before the accident.

Accordingly, there is no evidence of negligence by Morrison on this basis, only impermissible speculation. "Guesses or speculation which raise[s] merely a conjecture or possibility [is] not sufficient to create even an inference of fact for consideration on summary judgment." (Punctuation omitted.) *John Hewell Trucking Co.*, supra at 864. Therefore, the trial court did not err in granting Morrison's motion for summary judgment.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 3, 2002 —
RECONSIDERATION DENIED JUNE 26, 2002.

*Hinton & Powell, Andrew J. Hinton, Jr.*, for appellant.
*Bowles & Bowles, Jesse G. Bowles, Swift, Currie, McGhee & Hiers, Robert B. Peery, Kenneth B. Still*, for appellee.

