A02A1346. EUBANKS v. BELLSOUTH TELECOMMUNICATIONS, INC. et al.
(572 SE2d 357)

POPE, Senior Appellate Judge.

Pauline Eubanks filed this lawsuit for personal injuries against BellSouth Telecommunications, Inc., Bennie Green, and Ricardo Merrell for injuries she claimed from a vehicular collision at the location of a BellSouth work site. BellSouth and Green filed a motion for

---

summary judgment, which the trial court granted. Eubanks appeals, and for the following reasons we reverse.

The facts in this case, the record of which is more than 3,000 pages, establish that the accident occurred on the morning of December 24, 1997. It is undisputed that Eubanks was driving her car south on Georgia Highway 272, which is a two-lane rural road in Oconee. At the same time, defendant Ricardo Merrell was driving north in a pickup truck on Highway 272. The weather was inclement the morning of the accident. It is also undisputed that at the same time as Eubanks and Merrell were driving in opposite directions on the highway, Green, a repairman for BellSouth Telecommunications, was "troubleshooting" to locate a problem with a telephone line in the area.

The parties disagree about many of the other facts surrounding the accident. In any event, Eubanks claimed that she was injured in the collision and sued BellSouth Telecommunications, Green, and Merrell, alleging that BellSouth and Green were negligent in creating a dangerous condition and failing to adequately warn of the condition. According to Eubanks' complaint, the truck Green had been driving was parked on the edge of the highway and within the utility right-of-way. Eubanks contended that when Merrell drove around the curve, he saw the utility truck in the road and, in an effort to avoid a collision, reacted suddenly, braked, and hydroplaned. She claimed that Merrell then crossed the centerline and struck her vehicle. She claimed that BellSouth and Green were negligent in positioning the vehicle within the utility right-of-way; in failing to warn motorists of the utility vehicle; in failing to place various warning devices on the road to warn drivers of the activities of the BellSouth employee; and in failing to adequately train Green regarding basic utility safety measures to protect members of the motoring public.

BellSouth and Green answered the complaint, denying various aspects of Eubanks' version of the accident. Specifically, they denied that Green's truck was at the "edge" of the road; they also denied that there were no warning or signaling devices of any kind to alert drivers as they traveled around the curve. Merrell did not file an answer, and the court entered an order recognizing that he was uninsured and directing judgment in favor of Georgia Farm Bureau for $15,000.

The parties conducted discovery, and then BellSouth and Green filed a motion for summary judgment. In the motion, BellSouth and Green argued that there was no evidence to show that their alleged omission of failing to set up a warning sign was a proximate cause of the accident. They claimed that Green pulled into the driveway to perform his repair work and that the rear end of his truck was about four feet from the roadway's white fog line. They also claimed that Green had placed a fluorescent orange cone behind the BellSouth

truck before performing his work. They further argued that Merrell's truck had slick tires and that Merrell was speeding at the time of the accident. In the motion, BellSouth and Green conceded that Merrell had testified that the BellSouth vehicle *backed into* his vehicle. Nevertheless, they argued that this testimony was eclipsed by the testimony of other witnesses, which corroborated their version of events.

Eubanks responded to the motion, claiming that there was evidence from one of the investigating state troopers that the utility truck was "dangerously" in the roadway and that there was no cone behind the vehicle. Eubanks also argued that Green violated BellSouth's own safety requirements by failing to put a cone behind the truck.·

The state court granted the motion, finding that there was no evidence that the failure to warn contributed to the accident. Specifically, the court determined that Eubanks' claims that the defendants' omissions contributed to the accident were merely speculative and that there was no evidence that Merrell's actions would have differed if more road markings were in place. The court stated that the jury would have been forced to speculate about whether Merrell would have seen the signs, or noted the signs, or slowed his speed.

From that ruling, Eubanks appeals, arguing that the state court erred in granting the motion for summary judgment. She claims that factual issues exist as to whether the use of adequate warning signs, cones, or even a yellow warning strobe light would have warned Merrell and made him aware of the approaching work site and dangerous impending condition. Furthermore, she argues that the failure to warn was the proximate cause of the collision and that Merrell's impression that the utility truck was moving into his path could have been avoided with the use of adequate warnings. We agree that a factual issue in the case remains, and we reverse the grant of summary judgment.

Unlike the cases which BellSouth and Green cite, including *Johnson v. Dept. of Transp.*, 245 Ga. App. 839, 841 (538 SE2d 879) (2000); *Watson v. Marshall*, 212 Ga. App. 206 (441 SE2d 427) (1994); *Baughcum v. Cecil Key Paving*, 190 Ga. App. 21 (378 SE2d 151) (1989); and *Whitt v. Walker County*, 176 Ga. App. 643 (337 SE2d 425) (1985), in this case there are several factual issues which preclude summary judgment. First, the parties are not in agreement as to whether Green placed an orange cone behind the truck before performing his work. We reject BellSouth and Green's argument that there is not a factual conflict with respect to this issue. There is also a conflict in the evidence regarding whether the Manual on Traffic Control Devices ("MUTCD") required Green to put a flashing light on

his truck before performing his repair.[1] Although BellSouth and Green argue that testimony from their expert witness established that no such warning was required for short duration work which "will not block a lane," this argument ignores both the contradictory testimony of Eubanks' expert witness and the controversy regarding whether the truck was partially in the roadway. Moreover, there is a factual issue regarding whether the BellSouth safety policies themselves required this warning. Again, despite BellSouth and Green's argument that 1993 changes to the MUTCD rendered its video obsolete, this does not erase the factual conflict regarding this issue in the record. We cannot conclude, as did the trial court, that as a matter of law, there is no factual issue that had Green posted a warning sign, Merrell would not have been unduly surprised by the presence of the utility truck and would not have driven his truck into Eubanks' car. Factual issues remain in this matter regarding proximate cause. See generally *Ballenger Paving Co. v. Gaines*, 231 Ga. App. 565, 566 (1) (499 SE2d 722) (1998).

*Judgment reversed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 9, 2002.

*Hill & Bleiberg, Gary Hill,* for appellant.
*Jones, Cork & Miller, H. Jerome Strickland, Christopher B. Jarrard, Reynolds & McArthur, Bradley J. Survant,* for appellees.

---

[1] MUTCD is the generally recognized source of traffic control standards. See *Dept. of Transp. v. Brown*, 267 Ga. 6, 8 (2) (471 SE2d 849) (1996).