A09A0981. WEST v. WEST et al.
(683 SE2d 153)

JOHNSON, Presiding Judge.
Robert "Todd" West appeals from the trial court's grant of summary judgment to Clarence West, Jr., and William C. West (collectively, the "Wests") on Todd West's claim for damages after the truck he was driving on a public roadway in Mitchell County struck a cow allegedly owned by the Wests. Because the trial court correctly found that the Wests had introduced sufficient evidence showing that they were not negligent in the maintenance of their livestock and Todd West came forward with no admissible evidence to the contrary, we affirm.

---

[11] (Citations and punctuation omitted.) *Huff v. McLarty*, 241 Ga. 442, 444-445 (246 SE2d 302) (1978).
[12] OCGA § 42-1-9 (e).

We first note that Todd West's brief lists 12 separate "enumerations of error," most of which are merely statements of fact that do not allege any error in the proceedings below. For example, enumeration number 11 states that "the affidavits presented in this case . . . were not permitted to be used as evidence in my case. The lower court ruled against me [in granting the Wests' motion to strike the affidavits]." With the exception of his claim that the trial court erred in granting summary judgment to the Wests, the "enumerations of error" in Todd West's brief are not supported with any argument, citation of authority, or support from the record.

We recognize that Todd West is acting pro se; nevertheless, "that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this [C]ourt."[1] Court of Appeals Rule 25 (c) (2) provides that any enumeration of error that

> is not supported in the brief by citation of authority or argument may be deemed abandoned. . . . Each enumerated error shall [also] be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration.

As a result, we will consider herein only the trial court's grant of summary judgment to the Wests, and Todd West's other "enumerations of error" are deemed abandoned.[2]

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[3] To obtain summary judgment, a defendant need not produce any evidence but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim.[4] Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.[5]

So viewed, the record shows that the Wests presented evidence that no cattle were owned by William West and that the cattle owned by Clarence West were located on a pasture surrounded by fencing. The fences adjacent to the roadway consisted of 13-strand fencing with a single strand of barbed wire, and they measured approxi-

---

[1] *Simon v. City of Atlanta*, 287 Ga. App. 119, 120 (1) (650 SE2d 783) (2007).

[2] See *Guilford v. Marriott Intl.*, 296 Ga. App. 503, 504 (675 SE2d 247) (2009).

[3] OCGA § 9-11-56 (c).

[4] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[5] *Taylor v. Thompkins*, 242 Ga. App. 789 (531 SE2d 360) (2000).

mately five feet in height. The fences adjacent to wooded land consisted of four strands of barbed wire and measured approximately four and one-half feet in height. Evidence was presented that such fencing was sufficient to confine the cattle and that the Wests monitored the fences on a regular basis to ensure that they were not damaged in any way that could allow the cattle to escape. After leaving the scene of Todd West's accident, William West went to the pastures where the cattle were located and confirmed that all of the gates were closed and that the fences remained in good condition.

OCGA § 4-3-3 provides that no owner of livestock "shall permit livestock to run at large on or to stray upon the public roads of this state. . . ." While the "mere fact that livestock is running at large permits an inference that the owner is negligent in permitting the livestock to stray[,] when the owner introduces evidence that he has exercised ordinary care in the maintenance of the stock, that permissible inference disappears."[6] Here, the Wests have introduced evidence that the fencing surrounding the pasture was in good repair and the gates were closed at the time of Todd West's accident. Todd West has not presented any admissible evidence to challenge these claims, and accordingly there is no evidence of negligence committed by the Wests, but only impermissible speculation.[7] Such speculation "is not sufficient to create even an inference of fact for consideration on summary judgment."[8] As a result, the trial court did not err in granting the Wests' motion for summary judgment.[9]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 7, 2009.

Robert T. West, *pro se*.

*Perry & Walters, E. B. Wilkin, Jr., Robert K. Raulerson*, for appellees.

---

[6] (Punctuation omitted.) *Thomas v. Morrison*, 256 Ga. App. 127, 128 (567 SE2d 692) (2002).

[7] We are unable to consider the affidavit of Todd West's son, which was attached as an exhibit to Todd West's brief. See Court of Appeals Rule 24 (g); see also *Locke's Graphic & Vinyl Signs v. Citicorp Vendor Finance*, 285 Ga. App. 826 (1) (648 SE2d 156) (2007) ("A brief cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party.") (citation and punctuation omitted).

[8] (Punctuation omitted.) *Thomas*, supra at 129.

[9] Id.