**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 31, 2017**

# In the Court of Appeals of Georgia

A17A1102. MORRIS et al. v. POPE.

McFADDEN, Presiding Judge.

Anthony and Patricia Morris appeal the grant of summary judgment to Richard Pope in this negligence action based on escaped livestock. The Morrises argue that Pope negligently allowed a calf to stray onto a road and failed to adequately warn the public of this dangerous condition. The Morrises have not pointed to evidence creating a jury question on their claim that Pope breached his duty to prevent the calf from straying onto the road by failing to maintain an adequate fence. Their failure-to-warn claim is based on mere speculation. But whether Pope was negligent after he found the calf outside his fenced pasture depends on disputed issues of material fact. So we affirm in part and reverse in part.

1. *Facts*.

A trial court may grant summary judgment if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant." *West v. West*, 299 Ga. App. 643, 644 (683 SE2d 153) (2009) (citation omitted).

So viewed, the record shows that one evening, Pope's wife received a telephone call that there was a calf on Collins Road near its intersection with Perry Road. Pope and his son, Michael Pope, immediately left to find the calf, Pope driving his car and Michael Pope driving his truck. They arrived at the intersection within minutes. They parked their vehicles on the shoulder of Collins Road and turned on their hazard lights.

According to Michael Pope, they found the calf in a ditch along the side of the road, just outside the fenced pasture. They spent five or ten minutes attempting to herd the calf. When they were unsuccessful, Michael Pope left to turn off the electric fence so they could return the calf to the enclosure. But according to defendant Richard Pope, they never saw the calf. In any event, within five to ten minutes, Morris struck the calf on Collins Road.

2

Later, Pope inspected his fence and saw that, near the location of the collision, two strands of barbed wire were slightly stretched and had hair on them. He presumed that is where the calf had escaped. The Morrises agree that the evidence shows that the calf likely escaped by going between two strands of barbed wire fencing in the immediate vicinity of where Morris ultimately collided with it.

The Morrises filed this action for Morris's injuries and for Patricia Morris's loss of consortium. Pope moved for summary judgment. The Morrises responded, arguing that a jury could find that Pope breached his statutory duty to prevent the calf from straying onto the road by failing to maintain an adequate fence and by failing to take proper action to return the calf to the pasture once it was located; and that Pope breached his duty to adequately warn motorists of the hazard of the calf on the road.

The trial court granted summary judgment to Pope on the Morrises' claims based on Pope's alleged breach of duty to prevent the calf from straying on the road. The court observed that the Morrises had not alleged a failure-to-warn claim in the complaint, but considered the claim nonetheless (Pope had addressed the claim in his reply brief). See *Pew v. One Buckhead Loop Condo. Assn.*, 305 Ga. App. 456, 458 (1)

(a) (700 SE2d 831) (2010). The court granted Pope summary judgment on that claim as well. The Morrises filed this appeal.

2. *Permitting calf to stray upon the public road.*

The Morrises argue that questions of fact preclude summary judgment on their claims based upon the calf's presence on the road. We agree in part.

OCGA § 4-3-3 states that no owner of livestock shall permit livestock "to run at large on or to stray upon the public roads of this state. . . ." While the

> mere fact that livestock is running at large permits an inference that the owner is negligent in permitting the livestock to stray[,] when the owner introduces evidence that he has exercised ordinary care in the maintenance of the stock, that permissible inference disappears. . . . A jury question reappears in the case where, although evidence of facts showing ordinary care on his part have been introduced, other facts would support a contrary inference.

*John Hewell Trucking Co. v. Brock*, 239 Ga. App. 862, 863-864 (522 SE2d 270) (1999) (citation, punctuation, and footnote omitted). Pope introduced facts regarding the construction and inspection of his fence and his care of his livestock, which the Morrises do not dispute. So the permissible inference that Pope was negligent in permitting his calf to stray disappears. The issue, then, is whether the Morrises have introduced evidence to support an inference that Pope did not exercise ordinary care.

4

(a) *Whether Pope failed to maintain an adequate fence, thus allowing the calf to escape the pasture.*

The Morrises argue that the record contains evidence from which a jury could find that Pope did not exercise due care with respect to maintaining an adequate fence. They rely on testimony describing past incidents of escaping cattle; opinion evidence regarding the adequacy of Pope's fence; and testimony about a neighbor's telephone calls reporting escaped cattle.

(i) *Past incidents of escaping cattle.*

In *John Hewell Trucking*, 239 Ga. App. at 862, we implied that a plaintiff could create a jury question regarding a cattle owner's negligence in maintaining his fence by introducing evidence of past incidents of straying, but the past incidents must have a "nexus . . . in terms of time and location to [the defendant's] maintenance of the fencing [at] issue" in the plaintiff's case. Id. at 864. Such prior, similar incidents could create a question of fact regarding the defendant's exercise of ordinary care because they could show that the defendant was on notice that his maintenance of the fence was insufficient. See *Johns v. Marlow*, 252 Ga. App. 79, 80-81 (555 SE2d 756) (2001) (defendant's knowledge that his horses previously had opened a gate and had broken a fence's electric wire created a jury question as to whether defendant

5

exercised ordinary care in securing his horses). See also *Forest Cove Apartments v. Wilson*, 333 Ga. App. 731, 736-737 (776 SE2d 664) (2015) (for a prior incident to give notice of a defect, the facts must be sufficiently similar to the facts involved in the present action).

To establish Pope's knowledge of the inadequacy of his fence, the Morrises point to Pope's testimony regarding past incidents of livestock leaving their enclosures. But there is no evidence of any past instance where livestock escaped the pasture at issue in this case due to the inadequacy of that pasture's fence. Pope testified that the only time livestock escaped the pasture from which this calf escaped was when someone left a gate open or when a tree fell on the fence, creating an opportunity for the cattle to escape. Although Pope did have cattle escape once or twice because of a broken wire in a fence, that happened in a different pasture. Given the differences between these past incidents and the incident leading to Morris's collision, there is no nexus between the past incidents and the incident at issue. Accordingly, this evidence does not create an inference that Pope failed to exercise ordinary care in maintaining an adequate fence around the pasture from which this calf escaped. *John Hewell Trucking*, 239 Ga. App. at 864.

The Morrises also point to a neighbor's description of past incidents involving escaped cattle. Kelvin Thomas testified that in the 15 or 16 years he has lived across the road from the Popes, he witnessed cattle on the road at least twice before Morris's collision. Thomas testified that early one morning, he was driving to work when he almost hit a cow on Collins Road, the same road where Morris's wreck occurred. The incident occurred within 100 yards of the intersection of Perry Road and Collins Road in front of the Popes' property. Asked when this occurred, Thomas responded that it happened "back then when [Morris] had his wreck," and clarified that it was before Morris's incident. Thomas testified that although he did not know whether the cow was one of the Popes' cows, "they are the only one out there that got cows," a fact confirmed by Michael Pope. Thomas called 911 to report that a cow was on the road.

Another time, about two years before Morris's incident, Thomas witnessed law enforcement officers blocking Perry Road near Collins Road trying to contain a bull that had escaped.

Although the two instances described by Thomas are similar in time and location to the escape at issue here, the Morrises have pointed to no evidence as to how the calf and bull described by Thomas escaped to the road. Absent evidence that the animals escaped because of an inadequate fence, those incidents would not have

7

placed Pope on notice that his fence was inadequate. "Rather, given the lack of specificity in the evidence, a jury would simply be left to guess whether the prior incidents put [Pope] on notice, and guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." *Forest Cove Apartments*, 333 Ga. App. at 731 (citation and punctuation omitted).

The Morrises' evidence of past incidents, without more, does not create a genuine issue of fact that Pope, by failing to maintain an adequate fence, breached his duty to keep his livestock off the road.

(ii) *Opinion regarding adequacy of fence*.

The Morrises point to Thomas's testimony that in his opinion, the fence was inadequate. It is true that "a lay witness may relate his or her opinion as to any fact so long as the opinion is based upon the person's own experiences and observations." *Rai v. State*, 297 Ga. 472, 480 (6) (775 SE2d 129) (2015) (citation and punctuation omitted). But Thomas failed to testify to facts to support his opinion. He admitted that he had never examined the fence. He did not know how many strands of barbed wire it had, whether it was an electric fence, or any other specifics about it. In fact, Thomas testified that he had no knowledge whether Pope's fence conformed to farming

8

practices. Thomas's unsupported opinion that Pope's fence was inadequate does not create an inference that Pope failed to exercise ordinary care in maintaining the fence from which this calf escaped. Compare *Carver v. Kinnett*, 209 Ga. App. 577, 579-580 (1) (434 SE2d 136) (1993) (opinion testimony that fence was inadequate, based on height, loose mesh, and mesh not meeting barbed wire, provided facts which created jury issue).

(iii) *Neighbor's telephone calls reporting escaped cattle.*

The Morrises point to Thomas's testimony that his mother-in-law, who also lives across the road from the Popes, has the Popes' telephone number "because of the cows whenever they get out they have to call, call them to come get them, that's the only reason." Thomas testified that he knows his mother-in-law has called the Popes about livestock getting out. But he never testified about any specific calls at any specific times. "To infer evidence of negligence by [Pope] on [the] basis [of this testimony] would constitute only impermissible speculation. Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." *John Hewell Trucking*, 239 Ga. App. at 864 (citation and punctuation omitted).

For these reasons, the trial court correctly granted Pope summary judgment on the Morrises' claim alleging that Pope breached his duty to prevent the calf from straying onto the road by failing to maintain an adequate fence.

(b) *Whether Pope negligently failed to capture the calf once it was found, allowing it to stray upon the road.*

The Morrises argue that whether Pope acted negligently in attempting to capture the calf once he located the animal outside of the pasture depends on disputed issues of fact. We agree.

As noted above, the testimony of Pope and his son, Michael Pope, conflicts on the issue of whether they found the calf when they arrived at the intersection of Collins Road and Perry Road. But we must view the evidence in the Morrises' favor. *West*, 299 Ga. App. at 644. Viewed in this light, the evidence shows a material issue of fact such that Pope is not entitled to summary judgment.

Michael Pope testified that after he and his father parked, they located the calf in a ditch immediately adjacent to the location where the animal apparently escaped. He testified that once they had located the calf, he was with his father and the calf about five to ten minutes before he left to turn off the electric fence. Michael Pope also recalled that he and his father herded the calf around prior to the collision. He

10

testified that they "tried to run the calf back around off of the main road, Collins Road onto Perry Road." . At some point, he recalled the calf running away. At no point after locating the calf did Michael Pope lose sight of it before leaving to go turn off the electric fence.

Michael Pope's testimony would allow a jury to conclude that, regardless of any negligence in the maintenance of an adequate fence, after the calf had been located and was in Pope's presence for five to ten minutes, it escaped and strayed onto the road. No owner of livestock shall permit livestock "to run at large on or to stray upon the public roads of this state. . . ." OCGA § 4-3-3. And Pope — who denied that he ever found the calf — has not pointed to evidence that he exercised ordinary care to prevent the calf from escaping his presence and straying onto the road. Therefore, Pope was not entitled to summary judgment on the claim that he breached his duty to prevent his calf from straying onto the road by negligently failing to capture the calf once it was found.

3. *Failure to warn of the hazard.*

The Morrises argue that the trial court erred in granting Pope summary judgment because whether Pope sufficiently warned of the hazard of the calf in the road is a jury question. We disagree.

11

A defendant may demonstrate that there is no genuine issue of material fact by establishing from the record an absence of evidence to support the plaintiff's claim. *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). That is what Pope has done here. As he observes, the Morrises presented no evidence that activating the hazard lights on Pope's and his son's vehicles was insufficient and no evidence what Pope should have done instead. The Morrises argue — but present no evidence — that Pope could have moved the vehicles nearer the calf and could have called for law enforcement or other assistance. Mere speculation about what might have prevented Morris's collision is insufficient to withstand summary judgment. *Johnson v. Dept. of Transp.*, 245 Ga. App. 839, 841 (538 SE2d 879) (2000). Compare *Eubanks v. BellSouth Telecommunications*, 257 Ga. App. 803 (572 SE2d 357) (2002) (in case involving defendant's failure to warn motorists of its utility vehicle within the right-of-way, plaintiff created issue of material fact by introducing evidence that Manual on Uniform Traffic Control Devices and defendant's own safety policies required defendant's employee to place flashing light on his truck). The trial court did not err by granting Pope summary judgment on the Morrises' failure-to-warn claim.

*Judgment affirmed in part and reversed in part. Branch and Bethel, JJ., concur.*

12