Helen BARTLETT and Earl BARTLETT,
her husband, *v.* ARGONAUT INSURANCE
COMPANIES

75-15                                        523 S.W. 2d 385

Opinion delivered June 2, 1975

*Phil Stratton, Guy Jones, Jr. & Dan Stephens*, for appellants.

*W. A. Eldredge, Jr. & J. D. Watson,* for appellee.

CONLEY BYRD, Justice. Appellant Helen Bartlett, following back surgery in the Memorial Hospital, North Little Rock, Arkansas, became infected with staphylococcus aureau coagulase positive, sensitive to many antibiotics. Based upon the depositions of Mrs. Bartlett, her husband and mother, hospital records, and the affidavits of the hospital administrator and Mrs. Bartlett's treating physician, the trial court granted summary judgment in favor of appellee, Argonaut Insurance Companies, the hospital's insurance carrier, Ark. Stat. Ann. § 66-3240 (Repl. 1966). For reversal the appellants, Mrs. Bartlett and her husband, Earl Bartlett contend:

> "POINT I. The trial court erred in holding as a matter of law that res ipsa loquitur is not applicable.
>
> POINT II. The trial court erred in holding that expert testimony is necessary to show a hospital used substandard housekeeping procedures.
>
> POINT III. The trial court erred in granting summary judgment for appellee."

The affidavit of I. Leighton Millard, M.D., Mrs. Bartlett's treating physician is as follows:

> "4. Medical and scientific matters relating to the prevention, discovery and control of staph infections are not commonly known and relate to subjects which require medical and scientific knowledge for a proper understanding.
>
> 5. Based upon my qualifications as a physician, upon my medical and scientific knowledge of staph infections, upon my personal knowledge of precautions taken by Memorial Hospital and similar hospitals in this community to prevent, discover and control staph infections, and after my review of the hospital records relating to the hospitalization, treatment and operation of Helen Bartlett, the Complaint filed in Cases No. 34-

71 and 37-73 of the Circuit Court of Van Buren County, Arkansas, and the depositions of Helen Bartlett, Orval Earl Bartlett and Ruthie Ezell, I find no evidence of negligence on the part of Memorial Hospital, its agents, servants or employees, and find no evidence of a breakdown of the aseptic or sterile techniques recognized and used by the hospitals in this community.

6. One of the known hazards to hospitalization and to conducting surgical procedures is post-operative infection. In spite of the use of the finest of aseptic and sterile techniques in hospitals and operating rooms, such as was in use at Memorial Hospital before and during the period of time in which Helen Bartlett was a patient, the staph germ which caused her infection cannot be eliminated. It is impossible for medical science, at this state of development, to guarantee against this staph infection. Post-operative infections are relatively common since there is an open wound during surgery and since the existence of the staph germ cannot be completely eliminated from the air and operating rooms. The patient or any other person could have brought the staph germ into the operating room and it would have been impossible to have prevented it. Even a mask on the face of all personnel in the operating room cannot eliminate the staph germs. The staph germ which caused Helen Bartlett's infection could have entered her body in many ways and from many sources.

7. It is, therefore, my opinion that the infection which Helen Bartlett sustained was one of those unfortunate infections which occur in a significant percentage of cases which medical science, at this state of development, has been unable to prevent."

The counter-affidavits filed in response to the motion for summary judgment stated in effect that the several counts in the complaint "are supported and will be supported at trial by substantial evidence to show that Memorial Hospital: (A) failed to exercise due care in the prevention and control of staphylococcus; and (B) followed poor housekeeping techniques which contributed to the growth and spread of staphylococcus."

**224**

POINT I. We find no merit in the contention that res ipsa loquitur should be applied in this hospital infection case. As pointed out in the affidavit of Dr. Millard, it is impossible for a hospital to be in complete control of a staph germ which may be brought in by the patient. Consequently, since a hospital cannot be said to be in complete control of that which the patient himself may carry, it follows that res ipsa loquitur cannot be applied. See *Dollins* v. *Hartford Accident & Indemnity Co.*, 252 Ark. 13, 477 S.W. 2d 179 (1972).

POINT II. The only proof in the record is the uncontroverted affidavit of Dr. Millard that the prevention, discovery and control of staph infections are not commonly known and relate to subjects which require medical and scientific knowledge for a proper understanding. Consequently, we cannot say that the trial court erred in holding that expert testimony is necessary to show that a hospital used substandard housekeeping procedures. See also, *Aetna Casualty & Surety Co.* v. *Pilcher*, 244 Ark. 11, 424 S.W. 2d 181 (1968), to the same effect.

POINT III. We find no merit in the contention that the trial court erred in granting a summary judgment. The depositions of the Bartletts were to the effect that the hospital floors were not swept every day and that some of the nurses wore their hospital uniforms from home, but there is no proof by the appellants to show that such conduct on the part of the hospital was a proximate cause of the staph infection. With reference to the respondent's duty to respond to a motion for summary judgment in *Booth* v. *McCord*, 248 Ark. 1213, 455 S.W. 2d 868 (1970), we said:

> "It is well settled that, once a moving party establishes a prima facie case for relief by affidavits and other supporting documents, the adverse party must remove the shielding cloak of formal allegations in pleadings and demonstrate the existence of a genuine issue of material facts. Ark. Stat. Ann. § 29-211 (Supp. 1969); *Mid-South Ins. Co.* v. *First National Bank of Fort Smith*, 241 Ark. 935, 410 S.W. 2d 873; *Deam* v. *O. L. Puryear & Sons, Inc.*, 244 Ark. 18, 423 S.W. 2d 554. Mere allegations in a response to the motion are not sufficient,

unless supported by showing facts admissible in evidence or otherwise showing how the respondent will support his contentions that issues of fact exist."

Affirmed.