60332. SMITH et al. v. LUCKETT.

DEEN, Chief Judge.
C. Winfred Smith and his wife brought a medical malpractice suit against the defendant alleging that Dr. Luckett had negligently performed a venogram upon Judge Smith and that he had also committed a battery because the procedure was done without consent. Mrs. Smith claimed damages for loss of consortium. Appeal is brought by the Smiths following the trial court's grant of a directed verdict in favor of the defendant.

1. The trial court did not err in granting a directed verdict as to the issue of battery. The record shows that Mrs. Smith signed the consent form authorizing Dr. Luckett to perform a venogram. Under Code Ann. § 88-2904 (c), a married person may consent to surgical or medical treatment for his spouse. Moreover, the plaintiff knew he was hospitalized for various tests to identify the source of the problem he was having with his back. He was taken to the operating room in full possession of his faculties and made no protest when his groin area was prepared for the procedure and when the incision was made, although he contends that he requested the procedure be terminated because of the pain. "Consent to medical or surgical treatment may be manifest by acts and conduct, and need not necessarily be shown by writing or by express words. [Cit.] It may be implied from voluntary submission to treatment with full knowledge of what is going on." *Mims v. Boland,* 110 Ga. App. 477, 482 (138 SE2d 902) (1965). This enumeration is without merit.

2. Appellants also contend that the trial court erred in excluding from evidence portions of the depositions of Dr. Stuart Blackshear and Dr. H. E. Valentine. These hypothetical questions asked the opinion of the doctors as to the standard of care exercised by Dr. Luckett based upon an assumption that the site of the venogram was not checked for nine days following the venogram. Appellant's testimony established that the procedure was carried out on November 16, 1979, at noon and he was discharged from the hospital on November 23, 1976. He also testified that the site of the wound was checked by Dr. Luckett the night before he was

discharged. As the crucial element in the hypothetical questions was the length of time between the venogram and inspection of the puncture site, the question was totally at variance with the evidence and was inadmissible. *Kuttner v. Swanson,* 59 Ga. App. 818 (2 SE2d 230) (1939).

3. The trial court did not err in granting a directed verdict as to the issue of medical malpractice. At trial, Dr. Luckett testified that phlebitis is a known complication to a venogram and appellant's expert witnesses agreed. Thus, the fact that the patient developed a known complication is not proof of negligence. Appellant testified that when he entered the operating room the doctor was laughing and joking with the nurses and technicians. This evidence, however, is not proof that the surgical procedure was carried out in a negligent manner. It is well established that in an action against a physician for malpractice, it is presumed that the medical or surgical procedures were performed in an ordinarily skillful manner and the burden of proof rests upon the plaintiff to show that there was a lack of care, skill and diligence. The proof ordinarily required to rebut such a presumption is testimony given by expert witnesses who are physicians or surgeons. *Washington v. City of Columbus,* 136 Ga. App. 682 (222 SE2d 583) (1975). The plaintiff's experts must demonstrate to the jury a deviation from the recognized and accepted standard of medical care prevalent in the general professional community for treating a patient with the signs and symptoms exhibited by the plaintiff. *Fain v. Moore,* 155 Ga. App. 209 (1980). As the plaintiff did not offer any evidence in the trial court that the venogram was improperly or negligently performed, the trial court did not err in granting a directed verdict in favor of Dr. Luckett.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JULY 8, 1980 — DECIDED SEPTEMBER 8, 1980.

*Charles W. Smith, Jr.,* for appellants.
*Robert G. Tanner,* for appellee.