### 62787. FOX v. COHEN et al.

DEEN, Presiding Judge.

Patricia Fox as next friend to her daughter, Chandra, brought an action against Dr. Cohen and Northside Hospital to recover damages for burns received by her daughter during surgery. The evidence shows that Chandra was admitted to the hospital by Dr. Cohen and that he performed a tonsillectomy and adenoidectomy upon her. Following the surgery, it was noted by the recovery room nurse that the child had two burns on the midportion of her back on either side of her spinal column which were approximately 1 cm. each in size. Patricia Fox appeals from an order granting summary judgment in favor of Dr. Cohen.

1. The issue of informed consent was not before the trial court as an allegation in the pleadings and was not raised by the doctor. Even if it were raised, it could be considered to be abandoned in the court below. During the hearing on the motion, plaintiff's counsel cited *Mull v. Emory University,* 114 Ga. App. 63 (150 SE2d 276) (1966) for the proposition that consent to treatment or diagnostic tests without disclosure of the hazard or danger involved is not valid consent and that the parents in this case were not informed that the child might be burned. The court asked: "Is that what your lawsuit is about?" Counsel replied: "No sir, it's not. Specifically what our lawsuit is about . . ." and then proceeded to argue the doctrine of *res ipsa loquitur.* Even if this issue had not been abandoned, the issue of informed consent is controlled by Code Ann. § 88-2906 which creates a presumption of valid consent when such consent is in writing. While the attending physician is required to inform his patient of the general terms of treatment, this duty does not require a disclosure of the risks of treatment. *Kenney v. Piedmont Hospital,* 136 Ga. App. 660, 667 (222 SE2d 162) (1975).

2. Appellant's contention that the doctrine of *res ipsa loquitur* applies in this case is without merit. The undisputed testimony of Dr. Cohen shows that the burns received by Chandra were a rare but not unheard of complication of electrosurgery. His testimony further showed that the burns were related to the operation as they were not present on her body before surgery and were located at the site where two disc-shaped electrocardiogram electrodes were placed at the direction and under the control of the attending anesthesiologist and

that Dr. Cohen in no way participated in supervising the anesthesiologist or in connecting the electrodes to the patient. The Bovie electrosurgical unit used by Dr. Cohen is used by a surgeon to coagulate bleeding at the surgical site. It is operated by pressing a foot pedal and an electrical current passes from the pencil end which is held by the doctor to the tissue. A large conductive pad is placed on the patient (in this case, the patient's thigh) which is then connected to the cauterization unit and operates as a return electrode and is the means by which the current introduced at the site of the surgery is returned to the machine. This machine was in no way connected to the electrocardiogram machine and was plugged into a separate electrical outlet. Dr. Cohen testified that he had performed three similar operations prior to Chandra's using the same equipment without incident. He was in the midst of performing a subsequent tonsillectomy in the same operating room using the same equipment when he was informed of her burns and immediately discontinued the use of the electrosurgical unit. This information was the doctor's first indication that anything unusual had transpired during Chandra's operation. In his deposition, the physician testified that the use of electrosurgery is a commonly accepted surgical practice, that the device was correctly used, that the removable grounding plate was firmly attached to the patient's thigh and that its removal after surgery revealed no discoloration of her skin.

The fact that a patient develops a known complication to surgery is not proof of negligence. *Smith v. Luckett,* 155 Ga. App. 640 (271 SE2d 891) (1980). The criteria for the application of *res ipsa loquitur* is set forth in *Fender v. Colonial Stores,* 138 Ga. App. 31, 38 (225 SE2d 691) (1976): "(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." The first two requirements of this test plainly have not been met. *"[R]es ipsa loquitur* should be applied with caution and only in extreme cases; that it is not applicable when there is an intermediary cause which produced or *could* produce the injury, or where there is direct unambiguous testimony as to the absence of negligence by the defendant, or where there is no fair inference that the defendant was negligent." *Hospital Authority v. Eason,* 222 Ga. 536, 541 (150 SE2d 812) (1966).

The trial court did not err in granting summary judgment in favor of Dr. Cohen. There is nothing in the record to dispute the physician's testimony that the use of an electrosurgical unit was an accepted medical practice, that the unit gave no indication of

malfunction, that the burns were not at the site where the electrosurgical unit was used, that the device was properly attached to the patient and that his use of the machine and the surgery he performed was consistent with the standard of care and skill employed by other physicians in the profession. See *Fain v. Moore,* 155 Ga. App. 209 (270 SE2d 375) (1980). As the plaintiff did not meet her burden of presenting expert testimony to pierce the defendant's affidavit and sworn testimony, the grant of summary judgment in favor of the defendant physician was proper. *Parker v. Knight,* 245 Ga. 782 (267 SE2d 222) (1980).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in Division 2 and in the judgment.*

DECIDED NOVEMBER 2, 1981.

*Ronald C. Harrison,* for appellant.

*George W. Hart, Rush S. Smith, Jr., James S. Owens, Jr.,* for appellees.