### 67323. CHAVOUS v. RICHMOND COUNTY HOSPITAL AUTHORITY.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Chavous appeals the grant of summary judgment to defendant-appellee hospital authority in an action for medical malpractice.

Appellant underwent an operation by a neurosurgeon in appellee's University Hospital in which the two lowest discs of his spine were removed through an incision in his lower back. While he was recovering from the surgery and still in the hospital, appellant developed an infection at the surgical incision which was diagnosed as staphylococcus aureus, and described as a superficial surgical site infection. The infection was treated and took some time to cure. Appellant instituted this action against appellee alleging negligence in failing to keep the operating room, instruments, dressings, sutures and other implements in a sterile condition, resulting in the staph infection. Appellee supported its motion for summary judgment with the affidavit of the nurse who was director of operating room nursing and the deposition of the operating neurosurgeon that all professional standards of care were met as to maintenance of sterile conditions. This evidence was unrebutted. *Held:*

Appellant's sole contention is that the doctrine of res ipsa loquitur should be applied to his case.

The neurosurgeon testified that the staphylococcus aureus infection was an infrequent complication of surgery, occurring in about one of every thousand cases. The staph germs are frequently found on the human skin and it is impossible to completely remove all germs from the skin even when the skin is prepared for surgery. The

surgeon was of the opinion that the source of appellant's infection came from his own skin, not from unsterile conditions, and that there was no way to prevent appellant from being infected from his own skin.

"The fact that a patient develops a known complication to surgery is not proof of negligence. [Cit.] The criteria for the application of *res ipsa loquitur* is set forth in *Fender v. Colonial Stores,* 138 Ga. App. 31, 38 (225 SE2d 691) (1976): '(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' The first two requirements of this test plainly have not been met. '[R]es ipsa loquitur* should be applied with caution and only in extreme cases; that it is not applicable when there is an intermediary cause which produced or *could* produce the injury, or where there is direct unambiguous testimony as to the absence of negligence by the defendant, or where there is no fair inference that the defendant was negligent.' [Cit.]" *Fox v. Cohen,* 160 Ga. App. 270 (2), 271 (287 SE2d 272).

In this case, there being no evidence that appellant's infection was such that ordinarily does not occur in the absence of negligence, and evidence that it was caused by bacteria from appellant's own skin, complete removal of which was not possible, the first two requirements of res ipsa loquitur are not met.

"[I]t is impossible for a hospital to be in complete control of a staph germ which may be brought in by the patient. Consequently, since a hospital cannot be said to be in complete control of that which the patient himself may carry, it follows that res ipsa loquitur cannot be applied. [Cit.]" Bartlett v. Argonaut Ins. Cos., 258 Ark. 221, 224 (523 SW2d 385, 387).

There was no error in granting summary judgment to appellee.
*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 6, 1984.

*Percy J. Blount, Henry R. Smith,* for appellant.
*Wyckliffe A. Knox, Jr., Raymond G. Chadwick,* for appellee.