### A03A0195. POPE v. DAVIS et al.
(582 SE2d 460)

JOHNSON, Presiding Judge.

Claiming that a dental procedure resulted in permanent damage to his lingual nerve, Richard Pope sued James Davis, D.D.S. and James Davis, D.D.S., P.C. (collectively Davis), alleging malpractice, negligence per se, and battery based on Davis' alleged failure to obtain Pope's consent to the procedure. Davis moved for partial summary judgment on the battery and negligence per se claims, arguing that Pope signed a general consent form prior to allowing the treatment and that no other form was required, that Pope also gave implied consent to the particular treatment, and that the statute purportedly forming the basis for the negligence per se claim did not apply in this case. We agree with Davis and affirm the judgment of the trial court.

The relevant undisputed facts show that Pope initially visited Davis' office in May 1998 because he lost a filling and was in "need [of a] new dentist." The form which Pope signed during the visit provided:

> I, the undersigned, consent to the performance of whatever operation or procedure may be decided upon to be necessary or advised, and the use of local anesthetic and nitrous oxide gas analgesic.

The form did not enumerate any specific procedures or disclose any risks.

In April 1999, Pope returned to Davis' office complaining of jaw pain. A dentist employed by Davis examined Pope, treated him for an infection by injecting an anesthesia, irrigating the area and prescribing antibiotics, and prescribed pain medication. The next day, Pope went back to Davis' office with complaints of pain and swelling in the jaw area. Davis examined him and determined that one of Pope's teeth possibly had a fractured root. Because the problem was beyond Davis' area of expertise, he referred Pope to an endodontist. When the endodontist stated that he would not be able to see Pope until the following day, Pope reiterated that he was in severe pain and asked Davis if he could provide him with stronger pain relief than that prescribed until he could see the specialist. Davis replied that all he

could do was "numb it up." Pope remarked, "that's fine." Davis injected a long-acting anesthetic called Marcaine. The anesthetic provided the requested pain relief but, according to Pope, caused permanent damage to the lingual nerve.

1. Pope argues that the trial court erred in granting Davis' motion for partial summary judgment because his complaint stated a valid claim for lack of general and informed consent. Specifically, he argues that the form he signed was only intended to facilitate Davis' collection of insurance benefits, not to authorize treatment. He further contends that the form was not a valid consent to the treatment at issue because it was signed nearly one year before the treatment was performed. Pope maintains that because he did not give his general consent to perform the procedure, the treatment amounted to a battery. And, he says, there was no informed consent in that Davis failed to discuss with him the particular risks associated with and alternatives to the treatment, as required by OCGA § 31-9-6.1 and the applicable standard of care.

"Consent" in a medical context involves two distinct legal principles.[1] One is "basic" consent, or that consent to a touching which avoids a battery.[2] A medical touching without consent constitutes the intentional tort of battery for which an action will lie.[3] The other consent is "informed" consent, which addresses the autonomy of a competent patient to determine what medical treatment he will allow or refuse.[4] Informed consent essentially involves a medical professional fully informing a patient of the risks of and alternatives to the proposed treatment so that the patient's right to decide is not diminished by a lack of relevant information.[5]

Pope's claim that Davis was required under common law to obtain informed consent is without merit. In 1999, when Davis treated Pope, dentists in Georgia had no duty under common law to inform patients of the known material risks of a proposed treatment or procedure or to inform patients of available treatment alternatives.[6] In 2000, in the case of *Ketchup v. Howard*,[7] we held for the first time that the doctrine of informed consent would apply to medical professionals in Georgia, including dentists, but that the doctrine would be applied prospectively.[8] Because there was no common law

---

[1] *Ketchup v. Howard*, 247 Ga. App. 54, 55-56 (1) (a) (543 SE2d 371) (2000).
[2] Id. at 56 (1) (a).
[3] Id.
[4] Id.
[5] Id.
[6] Id.
[7] Id.
[8] Id. at 64 (4).

requirement of informed consent in Georgia when Pope received the treatment in question, Pope's argument has no merit.

Pope's argument that Davis failed to obtain his informed consent as required by OCGA § 31-9-6.1 is also without merit. That statute provides, in pertinent part, that a person who undergoes any surgical procedure under major regional anesthesia must consent to the procedure and shall be informed of the diagnosis, nature, and purpose of the surgical or diagnostic procedure, material risks of the procedure, likelihood of success, the practical alternatives to the procedure, and the prognosis if the procedure is rejected.

Pope urges that the injection Davis gave him comes within this statute because it was performed under major regional anesthesia. However, Pope overlooks the fact that the injection was neither a surgical procedure nor one of the diagnostic procedures specified in the statute. Moreover, even if the statute applies here, it explicitly provides that it does not constitute a separate cause of action, but may give rise to an action for medical malpractice.[9] Thus, Davis' failure to comply with the informed consent statute does not give rise to a separate action for battery based on lack of consent.

Regarding basic or general consent, consent to treatment can be shown by a writing or express words demonstrating a patient's assent to the treatment; it may also be shown by acts and conduct.[10] Consent may be implied from voluntary submission to treatment with full knowledge of what is going on.[11]

In this case, Pope gave his basic consent to the treatment when he returned to Davis' office demanding strong, emergency pain relief, and then told Davis it would be "fine" to "numb" the area, and allowed Davis to give him the injection. Pope also gave his basic consent to the treatment by signing the form in which he expressly consented to the performance of whatever procedure may be decided upon as necessary or advised.[12] Inasmuch as the signed form contains no expiration date, and considering Pope's implied consent to treatment, the trial court did not err in granting summary judgment to Davis on those claims which were based on lack of consent to treatment.

2. Pope contends that Davis was not entitled to summary judgment as to his negligence per se claim. According to Pope, the rendering of treatment without consent "is in violation of Georgia statutes

---

[9] OCGA § 31-9-6.1 (d).

[10] *Smith v. Luckett*, 155 Ga. App. 640 (1) (271 SE2d 891) (1980).

[11] Id.

[12] See generally id.

and below the required standard of care." Pope relies on OCGA § 51-1-6, which provides:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

In his appellate brief, Pope cites only one statute as having been violated. That statute is OCGA § 31-9-6.1, which, as discussed in Division 1, is not applicable in this case. And the issue of the standard of care arises only in the context of the malpractice claim. Because Pope has presented no evidence that any statute, regulation, or ordinance was violated, his allegation of negligence per se must fail. The trial court did not err in granting summary judgment to Davis on Pope's negligence per se claim.[13]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED APRIL 16, 2003 —
RECONSIDERATION DENIED MAY 19, 2003 — 

*Curtis A. Thurston, Jr.*, for appellant.
*Goldner, Sommers, Scrudder & Bass, Jane C. Taylor, Ramsey Kazem*, for appellees.

---

[13] See generally *Pullen v. Oxford*, 227 Ga. App. 782, 783 (2) (490 SE2d 478) (1997).