### A08A1536. PADEN v. RUDD et al.
(669 SE2d 548)

RUFFIN, Presiding Judge.

Wanda A. Paden appeals the trial court's dismissal of her battery claims. We affirm, for reasons that follow.

" 'When reviewing the grant of a motion to dismiss for failure to state a claim, we review the dismissal de novo, construing the complaint's allegations and all possible inferences therefrom in favor of the plaintiff.' "[1] So viewed, the record shows that Paden sued dentist Sherry Rudd and Jerry E. Nutt, D.D.S., P.C. d/b/a Douglasville Dental Group Practice, claiming that a root canal procedure left her permanently injured.[2] Rudd moved for summary judgment, alleging that Paden's expert affidavit was insufficient. The trial

---

[1] *Hedquist v. Merrill Lynch &c., Inc.*, 284 Ga. App. 387 (643 SE2d 864) (2007).

[2] Paden also listed Jerry E. Nutt, D.D.S & Associates of Douglasville Consulting, P.C. and Jerry E. Nutt, D.D.S. & Management, Inc. as defendants (hereinafter referred to as "the Nutt defendants").

court denied the motion, as well as Rudd's subsequent motion for reconsideration on essentially the same basis, and Rudd filed an application for an interlocutory appeal. We reversed, in *Rudd v. Paden*,[3] concluding that Rudd was entitled to summary judgment as to Paden's dental malpractice claims because her expert "did not have personal knowledge of the facts, and certified copies of the dental records on which he had relied in forming his opinions concerning Rudd's negligence were neither attached to the affidavit nor part of the record."[4]

Then, the Nutt defendants moved for summary judgment, arguing that Paden's claims against them were barred by the doctrine of res judicata, and the trial court granted the motion. Thereafter, Paden filed a motion to place the case on the next available trial calendar.[5] After a hearing, the trial court entered an order denying Paden's motion to place the case on a trial calendar and dismissing her battery claims sua sponte, concluding that "the complaint fails to state a claim for battery outside of professional negligence." This appeal followed.

1. We first address Paden's failure to provide proper record citations in her brief. Court of Appeals Rule 25 (c) (2) (i) requires that an enumerated error be supported by specific reference to the record or transcript by page number. Paden's brief contains no citations by page number to the record, in clear violation of the rule. "That vexing and vexatious search for error through an appellate record where no citation is in appellant's brief is not the function of appellate judges."[6] Nevertheless, because the record in this case is fairly small, and the defendants have provided sufficient citations to the record, we will address the merits of Paden's appeal.

2. Paden alleges that the trial court erred in concluding that her complaint failed to state a claim for battery outside of professional negligence. We find no error.

Paden styled her complaint as one "for medical malpractice and battery" and alleges that she suffered permanent injuries as a result of "the defendants' negligent and willful conduct." Specifically, Paden alleges that Dr. Rudd: *negligently* failed to take Paden's medical and dental history and to examine her blood pressure before beginning the procedure; *negligently* injected her "nerve, vein[,] and eye with an anesthetic which caused permanent facial swelling and paralysis"; *negligently* failed to provide her with proper medical care

---

[3] 279 Ga. App. 141 (630 SE2d 648) (2006).

[4] Id. at 143 (1).

[5] The motion is not in the appellate record, as it is not one of the specific documents that Paden asked the trial court clerk to include when it certified the record.

[6] *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 646 (3) (466 SE2d 236) (1995).

and to arrange for emergency medical treatment for Paden's excessive facial swelling after the root canal; and *negligently* failed to consult with another dentist concerning the swelling. With regard to the Nutt defendants, Paden specifically alleges that "[t]he corporate defendants are liable for the negligence of Dr. Rudd, who was acting within the scope of her employment with the corporate defendants when she provided plaintiff with negligent dental care."

The complaint does not set forth any specific allegation of battery. At the hearing, when the trial court asked counsel for Paden to point to any battery allegation in the complaint, counsel directed the court to paragraph 13, which states that

> [o]n April 16, 2001, plaintiff consented to the root canal procedure per Dr. Rudd's medical advice. Plaintiff would not have consented to the root canal procedure if she had been properly informed of the material risks, likelihood of successful root canal and the practical options to the root canal procedure and anest[h]etic injections.

Paden's counsel also advised at the hearing that "what we rely on in the battery claim is the informed consent."

In a medical context, "consent" encompasses two distinct legal principles: "basic" consent and "informed" consent.[7] Informed consent, the lack of which Paden asserts as the basis for her battery claim, "essentially involves a medical professional fully informing a patient of the risks of and alternatives to the proposed treatment so that the patient's right to decide is not diminished by a lack of relevant information."[8] A medical provider's failure to obtain proper informed consent sounds in professional negligence and requires an expert affidavit.[9] Thus, the defendants' purported failure to obtain Paden's informed consent does not give rise to a claim for battery.[10]

With respect to basic consent, "[a] medical touching without consent constitutes the intentional tort of battery for which an action will lie."[11] Here, however, Paden specifically alleged in her complaint that she consented to the root canal procedure.[12] And nowhere in her complaint does she allege that she underwent a medical procedure for which she did not consent. For the first time,

---

[7] See *Pope v. Davis*, 261 Ga. App. 308, 309 (1) (582 SE2d 460) (2003).

[8] Id.

[9] See *Albany Urology Clinic, P.C. v. Cleveland*, 272 Ga. 296, 300 (2) (528 SE2d 777) (2000); *MCG Health v. Casey*, 269 Ga. App. 125, 128 (603 SE2d 438) (2004).

[10] And we have already held in this case that Paden's professional negligence claim fails as a matter of law because of the deficiency of her expert affidavit. See *Rudd*, supra.

[11] *Pope*, supra.

[12] Paden did not include a copy of the consent form in the appellate record.

Paden maintains on appeal that paragraph 15 of her complaint, which alleges that "Dr. Rudd negligently injected plaintiff's nerve, vein[,] and eye with an anesthetic," somehow alleges a battery. But "this Court will not address arguments raised for the first time on appeal."[13] Moreover, Paden does not allege that the injection to her "nerve, vein[,] and eye," was performed without consent. Thus, this contention does not give rise to a battery claim.[14] Accordingly, the trial court did not err in concluding that Paden's complaint failed to state a claim for battery.

3. Paden further argues, without relevant citation of authority, that the trial court erred in dismissing her battery claims in the absence of a motion for dismissal by the defendants. But "[a] trial court has inherent authority to dismiss sua sponte a complaint in an appropriate case."[15] Moreover, both Rudd and the Nutt defendants alleged Paden's failure to state a claim as an affirmative defense in their respective answers. And the Nutt defendants specifically argued that Paden had failed to state a claim for battery in their brief filed in response to her motion to place the case on a trial calendar, which was filed months before the trial court entered the order that Paden challenges. This argument presents no basis for relief.

4. In her final enumeration, Paden contends that "[t]he trial court erred in failing to provide [her] with timely notice and an opportunity to amend the purported defective battery complaint." But as set forth in Division 3, supra, Paden was on notice that the defendants were challenging her complaint on the basis that it failed to state a claim for battery. Nevertheless, she never sought to amend her complaint in the approximately eight months between the time the defendants raised the argument and the hearing. Moreover, the trial court gave Paden's counsel ample opportunity to present argument at the hearing before pronouncing its ruling, and Paden never requested additional time to amend her complaint. Thus, this argument is without merit.[16]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED NOVEMBER 17, 2008.

*Michael B. King*, for appellant.

---

[13] *Hall v. Ross*, 273 Ga. App. 811, 814, n. 12 (616 SE2d 145) (2005).

[14] See *Pope*, supra at 309-310.

[15] *Ga. Receivables v. Williams*, 218 Ga. App. 313 (2) (461 SE2d 280) (1995). See OCGA § 15-6-9 (8); *Smith v. Adamson*, 226 Ga. App. 698, 699 (2) (487 SE2d 386) (1997).

[16] See *Spivey v. State*, 272 Ga. App. 224, 228 (2) (612 SE2d 65) (2005) ("Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court.") (punctuation omitted).

*Hall, Booth, Smith & Slover, Shaun Daugherty, Kevin A. Leipow, Carlock, Copeland & Stair, Douglas W. Smith, Katherine G. Hughes,* for appellees.