**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and WATKINS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 23, 2025

# In the Court of Appeals of Georgia

A25A0033. FRAZIER v. FRAZIER.

WATKINS, Judge.

This case concerns the custody of T. F., born in 2018. Appellant Jermaine Frazier ("Jermaine"), the maternal uncle of T. F., seeks review of a superior court order concluding that Jermaine lacked standing to be adjudicated an equitable caregiver under OCGA § 19-7-3.1. He argues on appeal that the superior court erred in making this determination following a temporary hearing and by not considering his petition as one involving a custody dispute between a natural parent (Appellee Shanice Frazier ("Shanice")) and a close third-party relative within the meaning of OCGA § 19-7-1 (b.1) such that the best interest of the child should have been considered. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the trial court's judgment,[1] the record shows that Shanice gave birth to T. F. in 2018 in Charleston, S.C. At some point, Jermaine stepped in to care for the child, and T. F. spent time with Shanice and the parties' mother (T. F.'s maternal grandmother) in Charleston and with Jermaine in Gwinnett County. In late 2022, the parties executed a "Temporary Guardianship Affidavit" (the "Affidavit") so that Jermaine could register T. F. in preschool in Georgia. Under the terms of the Affidavit, Shanice appointed Jermaine "to exercise concurrently any and all rights of responsibilities" to provide for T. F. unless and until Shanice amended or revoked such authorization. T. F. continued to be "back and forth" between the parties' homes until Jermaine filed the underlying petition in November 2023.

In his verified "Petition for Determination as Equitable Caregiver & Petition for Custody," Jermaine averred that he had been the primary caretaker for T. F. since the child was four months old and that he was the only parent T. F. had known for the past four years. Jermaine sought standing to proceed with his petition for custody under OCGA § 19-7-3.1 (f) and (g). In December, the superior court scheduled a

---

[1] See *Hackett v. Stapleton*, 365 Ga. App. 405 (877 SE2d 838) (2022).

temporary hearing for February 2024. At the hearing, the court heard testimony from both Jermaine and Shanice and their witnesses, including the putative father and T. F.'s grandmother. The trial court ruled in favor of Shanice, concluding that Jermaine had failed to show that he had standing to be adjudicated as an equitable caregiver. The court found that, while Jermaine had provided substantial caregiving and support for the child since shortly after his birth, the evidence was insufficient to show that Shanice and Jermaine intended for Jermaine to undertake a sole, permanent, or parental role for T. F.

Jermaine filed a motion for reconsideration, construed as a motion for new trial,[2] which the court denied after a hearing. This appeal followed.

> In cases involving custody issues, a trial court's factual findings must not be set aside unless they are clearly erroneous. Rather, due deference must be given to the trial court, acknowledging that it has the

---

[2] See *The Hudson Trio, LLC v. Buckhead Community Bank*, 304 Ga. App. 324, 326 (1) (696 SE2d 372) (2010) ("A motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon. There is no magic in the nomenclature of a motion or other pleading. We construe a pleading to serve the best interests of the pleader, and judge it by function rather than by name.") (citations and punctuation omitted).

opportunity to judge the credibility of the witnesses. However, we review de novo the legal conclusions that the trial court draws from the facts.[3]

Before turning to Jermaine's claims of error, "we start with the recognition that a parent has a constitutional right under the United States and Georgia Constitutions to the care and custody of their children and that this is a fiercely guarded right that should be infringed upon only under the most compelling circumstances."[4] "In general, third parties have no right to seek custody of a child whose parents have not lost custody by one of the means established in OCGA § 19-7-1 or OCGA § 19-7-4 or have not been deemed unfit."[5] Under the Equitable Caregiver Statute, effective July 1, 2019, however,

> a person who is not a legal parent of a child may seek rights such as custody or visitation with the child if he or she proves that certain criteria have been met, including that he has undertaken a "parental" role with

---

[3] (Citations, punctuation, and footnote omitted.) *Skinner v. Miles*, 361 Ga. App. 764, 766 (863 SE2d 578) (2021)

[4] (Citation and punctuation omitted.) *Wallace v. Chandler*, 360 Ga. App. 541, 542 (859 SE2d 100) (2021).

[5] Id. at 543.

the child and developed a "bonded and dependent" relationship with the child that "was fostered or supported by a parent of the child[.]"[6]

1. Jermaine argues that the trial court erred by not accurately applying the five prongs of the Equitable Caregiver Statute as set forth in OCGA § 19-7-3.1 (d).

Under the Equitable Caregiver Statute, the superior court can adjudicate an individual to be an equitable caregiver if it finds the individual has presented prima facie evidence of certain requirements.[7] Then the superior court can adjudicate an individual to be an equitable caregiver if it finds by clear and convincing evidence that the individual has:

> (1) Fully and completely undertaken a *permanent*, unequivocal, committed, and responsible parental role in the child's life;
> (2) Engaged in consistent caretaking of the child;
> (3) Established a bonded and dependent relationship with the child, which relationship was fostered or supported by a parent of the child, and such individual and the parent have understood, acknowledged, or

---

[6] *Dias v. Boone*, 320 Ga. 785 (912 SE2d 547) (2025) (quoting OCGA § 19-7-3.1 (d)). See generally id. at 794-806 (3) (noting "serious concerns" about the constitutionality of the statute which could possibly be waived if a parent's conduct occurred after the statute's effective date).

[7] OCGA § 19-7-3.1 (b).

accepted that or behaved as though such individual is a parent of the child;

(4) Accepted full and permanent responsibilities as a parent of the child without expectation of financial compensation; and

(5) Demonstrated that the child will suffer physical harm or long-term emotional harm and that continuing the relationship between such individual and the child is in the best interest of the child.[8]

Here, the superior court concluded that Jermaine had failed to show standing, tracked the language of the statute,[9] and found that although Jermaine had "established a bonded and dependent relationship with respect to [T. F.], and that this relationship was fostered and supported by [Shanice]," the evidence was "insufficient to establish that there was an understanding between the parties, or an acceptance by [Shanice] that [Jermaine] acted as, or assumed a parental role for the child." Contrary to Jermaine's assertion, the superior court's order does not reflect an assumption that the Equitable Caregiver Statute requires a permanent transfer of

---

[8] (Emphasis supplied.) OCGA § 19-7-3.1 (d).

[9] See OCGA § 19-7-3.1 (d) (3) ("In order to establish standing, the court shall first find, by clear and convincing evidence, that the individual has [inter alia, e]stablished a bonded and dependent relationship with the child, which relationship was fostered or supported by a parent of the child, and such individual and the parent have understood, acknowledged, or accepted that or behaved as though such individual is a parent of the child[.]").

parenting rights. While the court found that Shanice had not abandoned or relinquished her parental rights,[10] the court did so in the context of finding that it was not the parties' intent to establish a permanent parental relationship for Jermaine.

Jermaine's remaining arguments within this claim of error, such as his contention that the trial court overly relied on the Affidavit, "completely ignor[ing]" the evidence surrounding it, and failing to evaluate harm and the best interest of the child under the fifth prong,[11] are also without merit.[12]

---

[10] Cf. *Skinner*, 361 Ga. App. at 768 (1) (a) (affirming finding that the plaintiff had standing as an equitable caregiver where she had served in a parental role for both children since the older child was adopted and the younger child was born and she and the defendant had coparented the children together for years both prior to and after the parties separated as a couple).

[11] See OCGA § 19-7-3.1 (d) (5) ("In order to establish standing, the court shall first find, by clear and convincing evidence, that the individual has [inter alia, d]emonstrated that the child will suffer physical harm or long-term emotional harm and that continuing the relationship between such individual and the child is in the best interest of the child.").

[12] See *In the Interest of K. L.*, 362 Ga. App. 590, 595-596 (1) (869 SE2d 543) (2022); see also *Skinner*, 361 Ga. App. at 766 ("[D]ue deference must be given to the trial court, acknowledging that it has the opportunity to judge the credibility of the witnesses.") (citation and punctuation omitted); *Teasley v. Clark*, 361 Ga. App. 721, 723 (4) (865 SE2d 556) (2021) ("[T]he equitable caregiver statute, like most other domestic relations statutes in Georgia, imposes no duty on the trial court to issue specific findings of fact in support of her rulings[.]").

2. In related claims of error, Jermaine contends that the trial court erred by not allowing him to amend his petition to "clarify" that he was seeking custody under OCGA § 19-7-1, which concerns custody disputes between a parent and specified relatives, and in not applying the best interest standards set forth in that statute.

At no point below, however, did Jermaine indicate that he was seeking custody on any basis other than under the Equitable Caregiver Statute.[13] "[I]ssues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. Nor may a [petitioner] alter the course of his arguments mid-stream, raising issues on appeal that were not raised before the trial court."[14] Accordingly, we cannot consider this argument for the first time on appeal.[15]

---

[13] See OCGA § 19-7-3.1 (g) ("The court may enter an order as appropriate to establish parental rights and responsibilities for such individual, including, but not limited to, custody or visitation.").

[14] (Citation and punctuation omitted.) *Pferrman v. BPS of Tifton, Inc.*, 364 Ga. App. 624, 629 (2) (876 SE2d 6) (2022).

[15] See *Paden v. Rudd*, 294 Ga. App. 603, 606 (4) (669 SE2d 548) (2008) (affirming dismissal where plaintiff never requested additional time to amend her complaint); see also *Patrick v. Verizon Directories Corp.*, 284 Ga. App. 123, 124 (643 SE2d 251) (2007) (affirming dismissal of complaint because it failed to give "notice of the claim in terms sufficiently clear to enable [the defendant] to frame a responsive

3. In his remaining arguments, Jermaine contends that the superior court erred in making a final ruling at the temporary hearing without addressing his custody petition and Shanice's request for mediation or allowing reasonable time for discovery for Jermaine "to flesh out the 'inconsistencies.'"

As discussed above (in Division 1), the superior court did not err in finding that Jermaine lacked standing to be adjudicated an equitable caregiver. Because such standing is a prerequisite for the existence of subject matter jurisdiction, the court would have had no jurisdiction to award custody to Jermaine on that basis.[16] And, as we concluded in Division 2, supra, Jermaine did not rely on any other basis for custody below. Further, Jermaine's argument that he was entitled to discovery, mediation, or any additional process directly contradicts the language of the Equitable Caregiver Statute.[17] Accordingly, we affirm.

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*

---

pleading thereto" and the plaintiffs failed to amend the complaint to state a proper claim) (citation and punctuation omitted).

[16] See *Wallace*, 360 Ga. App. at 545.

[17] See OCGA § 19-7-3.1 (b) (4); *Skinner*, 361 Ga. App. at 766-767 (1) (elaborating on two-part analysis).