A02A1133. SCHACKNOW et al. v. WOODRING.
(571 SE2d 207)

Barnes, Judge.

Mark and Cheryl Schacknow sued Jennifer Woodring in the Columbus Municipal Court for personal injuries and property damage resulting from a parking lot collision. Woodring answered and counterclaimed for property damage. After a bench trial, the trial court found for the defendant and entered judgment against the Schacknows. The Schacknows appeal the judgment pro se, and for the reasons that follow, we affirm.

First, we note that the Schacknows' brief does not comply with Rule 27 of the Court of Appeals regarding structure and content. It merely prays that this Court find there is "genuine reason to allow

oral arguments and grant judgment on behalf of the Plaintiffs." Rather than alleging specific errors, the brief then itemizes "facts" that are unsupported by the record and includes documents not included in the record.

> Our requirements as to the form of appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court; a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form.

(Punctuation and footnote omitted.) *Campbell v. Breedlove*, 244 Ga. App. 819, 821 (535 SE2d 308) (2000).

The Schacknows' argument appears to be that the lawyer hired by the insurance company to defend them against Woodring's counterclaim settled that claim before trial without their knowledge or consent and left them unprepared to try their case when it was called for trial. They have attached to their brief copies of police reports, medical records, and letters that are not included in the record. This Court, however, cannot consider these arguments or these documents, "for we must take our evidence from the record." (Citations omitted.) *Ostuni Bros. v. Fulton County Dept. of Public Works*, 184 Ga. App. 406, 408 (2) (361 SE2d 668) (1987).

Further, the record contains no transcript, and we therefore have no way to review the evidence produced at trial to review the trial court's decision.

> It is well-settled law that without a transcript to review, this court must assume as a matter of law that the evidence at trial supported the court's findings. It is the burden of the complaining party, including pro se appellants, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review.

(Citations and punctuation omitted.) *Kulkov v. Botvinik*, 230 Ga. App. 204 (1) (495 SE2d 662) (1998).

For these reasons, we must affirm the judgment of the trial court.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED SEPTEMBER 18, 2002.

Mark Schacknow, *pro se.*

Cheryl Schacknow, *pro se.*

*Martin, Snow, Grant & Napier, William H. Larsen, Henry D. Bullard,* for appellee.