## A04A0731. BLACKMON v. MORAN et al.
(599 SE2d 363)

BLACKBURN, Presiding Judge.

Following a bench trial in this action regarding a claim for treble damages under the Georgia Fair Business Practices Act for wrongful repossession, Barbara Blackmon, d/b/a T & J Auto Sales, appeals, pro se, contending that the trial court erred by entering a judgment against her and in favor of Zandria and Howard Moran. Because Blackmon has provided nothing for this Court to review, we affirm.

Blackmon filed a timely notice of appeal with this Court and a letter in which she contends that she properly repossessed the Morans' automobile. Even if this letter could be considered a brief on appeal, Blackmon has included neither enumerations of error nor a transcript of the trial. Moreover, Blackmon has included neither argument nor citations of record to support any of her contentions.

"Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." (Punctuation omitted.) *Spooner v. City of Camilla.*[1] Even when those requirements are ignored, where possible "we will, to the best of our ability, attempt to discern those arguments that have been supported with argument and citation of authority." Id. Here, however, any assertions of error which we might perhaps discern are unsupported by argument or citation of authority and must be deemed abandoned. *Merritt v. State.*[2] See Court of Appeals Rule 27 (c) (2).

> Further, the record contains no transcript, and we therefore have no way to review the evidence produced at trial to review the trial court's decision. It is well-settled law that without a transcript to review, this court must assume as a matter of law that the evidence at trial supported the court's findings. It is the burden of the complaining party, including pro se appellants, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review. For these reasons, we must affirm the judgment of the trial court.

(Citations and punctuation omitted.) *Schacknow v. Woodring.*[3]

---

[1] *Spooner v. City of Camilla*, 256 Ga. App. 179, 180 (1) (568 SE2d 109) (2002).

[2] *Merritt v. State*, 254 Ga. App. 788, 792 (564 SE2d 3) (2002).

[3] *Schacknow v. Woodring*, 257 Ga. App. 448, 449 (571 SE2d 207) (2002).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MAY 14, 2004.

Barbara Blackmon, *pro se.*
*Gary J. Leshaw*, for appellees.