A06A0029. KAPPELMEIER v. HOUSEHOLD REALTY
CORPORATION.
(623 SE2d 752)

BLACKBURN, Presiding Judge.

Gottfried Kappelmeier appeals from the trial court's order dismissing two notices of appeal pursuant to OCGA § 5-6-48 (c) for failure to pay the bill of costs to prepare the record for appeal and denying his motion to compel payment of rent. For the reasons set forth below, we affirm.

The record shows that in January 2003, property owned by Kappelmeier was foreclosed upon and sold to Household Realty Corporation pursuant to a deed under power of sale. Subsequently, Household Realty filed a dispossessory proceeding against Kappelmeier seeking possession of the property and was granted a writ of possession on summary judgment. In December 2003, Kappelmeier filed the present dispossessory action against Household Realty despite the fact that Household Realty still owned the property. On March 8, 2004, the trial court granted Household Realty's motion to dismiss the action on the grounds that Kappelmeier failed to state a claim upon which relief could be granted and that his action was barred by res judicata based on the rulings in Household Realty's prior dispossessory action.

Kappelmeier filed a notice of appeal from the trial court's order and subsequently filed a request to be allowed to proceed in forma pauperis. The trial court denied this request, and Kappelmeier never paid the costs to prepare the record for his appeal. Household Realty moved for sanctions and attorney fees, and the trial court granted this motion on July 26, 2004. Kappelmeier filed a notice of appeal from this order as well, and again requested to be allowed to proceed in forma pauperis. This second request was also denied, but, again, Kappelmeier did not pay the costs to prepare the record for appeal. Instead, approximately six months after the trial court denied his request, Kappelmeier filed a motion to compel Household Realty to pay rent on the subject property to the court and a motion to determine the status of the case and prevent delay. On March 22, 2005, nearly one year after Kappelmeier filed his notice of appeal regarding the dismissal of his dispossessory action and nearly seven

months after he filed the notice of appeal regarding the order for him to pay costs and attorney fees, the trial court found that Kappelmeier still had not paid the costs for either appeal and ordered both appeals dismissed. The trial court also denied Kappelmeier's motion to compel the payment of rent. It is from this order that the current appeal is taken.

1. A trial court's order dismissing an appeal (assuming the judgment being appealed from is itself directly appealable) is considered a final judgment from which a direct appeal may be taken. *Azar v. Baird.*[1] See, e.g., *Wood v. Notte;*[2] *Cherry v. Hersch.*[3] Inasmuch as the March 8, 2004 order being appealed from was directly appealable, the order dismissing that appeal was itself directly appealable. Similarly, the July 26, 2004 order was appealable as part of the direct appeal of the March 8, 2004 order. See *Haggard v. Bd. of Regents &c. of Ga.*[4] ("a judgment awarding attorney fees and costs of litigation pursuant to OCGA § 9-15-14 may be reviewed on direct appeal, when it is appealed as part of a judgment that is directly appealable"). The present appeal, however, is limited to the question of whether the trial court's March 22, 2005 order erroneously dismissed Kappelmeier's two prior notices of appeal and whether it erroneously denied his motion to compel the payment of rent. See *Azar*, supra at 83. Unfortunately, Kappelmeier does not address this question whatsoever in his appellate brief. Accordingly, we will not cull the record to determine the answer to this question, and we deem the issue abandoned pursuant to Court of Appeals Rule 25 (c) (2). See *Dixon v. MARTA.*[5]

Moreover, even if we were to address the merits of this matter, Kappelmeier offers no excuse for the delay in preparing the record. The trial court therefore was authorized to find the delay unreasonable and dismiss Kappelmeier's notices of appeal. See *Dial v. Turner.*[6]

2. Kappelmeier also contends that the trial court's denial of his motion to compel the payment of rent was error. His appeal, however, fails to support this contention with any citation to the record, citation of authority, or clear legal argument. We therefore also deem this contention abandoned pursuant to Court of Appeals Rule 25 (c) (2). See *Dixon*, supra at 266 (4).

3. We decline Household Realty's request for sanctions pursuant to Court of Appeals Rule 15 (b).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

---

[1] *Azar v. Baird*, 232 Ga. 81, 83 (205 SE2d 273) (1974).

[2] *Wood v. Notte*, 238 Ga. App. 748 (519 SE2d 923) (1999).

[3] *Cherry v. Hersch*, 193 Ga. App. 471, 472 (1) (388 SE2d 64) (1989).

[4] *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 526 (4) (a) (360 SE2d 566) (1987).

[5] *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000).

[6] *Dial v. Turner*, 179 Ga. App. 689 (1) (347 SE2d 305) (1986).

DECIDED NOVEMBER 29, 2005 — 

Gottfried A. Kappelmeier, *pro se.*
*Douglas N. Campbell*, for appellee.

