A09A0767. GUILFORD v. MARRIOTT INTERNATIONAL, INC.
(675 SE2d 247)

BLACKBURN, Presiding Judge.

In this tort action alleging negligence, plaintiff Bonita Balkcom Guilford appeals the summary judgment awarded to defendant Marriott International, Inc. Acting pro se, Guilford has submitted a one-and-one-half-page appellant's brief consisting in its entirety of nine sentences that are subdivided into seven separately numbered paragraphs; Guilford apparently intends the seven paragraphs to serve as seven enumerations of error. Because these enumerations are not supported in the brief by citation of authority or argument, nor by specific reference to the record or transcript, we deem the enumerations abandoned. Accordingly, we affirm.

---

[11] *Speed v. Muhanna*, 274 Ga. App. 899, 905 (2) (b) (619 SE2d 324) (2005).

Similar to the appellant's brief in *Gardner v. State*,[1] Guilford's brief does not comport with Court of Appeals Rule 25 (a) (1), as it does not "contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal," nor does it state "the method by which each enumeration of error was preserved for consideration" on appeal. Furthermore, contrary to Court of Appeals Rule 25 (c) (2), none of Guilford's seven enumerated errors is supported by citations to the record or argument, and only one is followed by a citation of authority. See *Gardner*, supra, 289 Ga. App. at 360.

We recognize that Guilford is acting pro se; nevertheless, "that status does not relieve [her] of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this [C]ourt." *Simon v. City of Atlanta*.[2] Our Rule 25 (c) (2) (i) expressly requires that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. *In the absence of such reference, the Court will not search for or consider such enumeration*." (Emphasis supplied.) "It is not the function of this [C]ourt to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Punctuation omitted.) *Cronin v. Homesales, Inc.*[3] See *Simon*, supra, 287 Ga. App. at 120 (1). See generally *Dixon v. MARTA*[4] ("appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument") (punctuation omitted). Accordingly, because none of Guilford's enumerations is supported by a single reference to the record (which comprises over 1,000 pages), these enumerations present nothing for consideration. See *Studard v. Dept. of Transp.*[5] Compare *Paden v. Rudd*[6] (where record was small, we exercised our discretion to consider enumerations lacking citations to record).

Moreover, with the exception of the seventh enumeration of error, none of the enumerations is supported by either citation of authority or argument, and these six enumerations are therefore deemed abandoned under Court of Appeals Rule 25 (c) (2). See *Jacobs v. Chatham County, Ga.*;[7] *Hills v. State*.[8] The seventh enumeration is simply an assertion of error followed by a single citation

[1] *Gardner v. State*, 289 Ga. App. 359, 359-360 (657 SE2d 288) (2008).

[2] *Simon v. City of Atlanta*, 287 Ga. App. 119, 120 (1) (650 SE2d 783) (2007).

[3] *Cronin v. Homesales, Inc.*, 296 Ga. App. 293, 294 (674 SE2d 35) (2009).

[4] *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000).

[5] *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 646 (3) (466 SE2d 236) (1995).

[6] *Paden v. Rudd*, 294 Ga. App. 603, 604 (1) (669 SE2d 548) (2008).

[7] *Jacobs v. Chatham County, Ga.*, 295 Ga. App. 74, 77 (3) (670 SE2d 885) (2008).

[8] *Hills v. State*, 291 Ga. App. 873, 874 (663 SE2d 265) (2008).

to a foreign case. "An assertion of error followed by a case citation is *not* legal argument[, which requires,] at a minimum, a discussion of the appropriate law as applied to the relevant facts." (Punctuation omitted; emphasis in original.) *Time Warner Entertainment Co. v. Six Flags Over Ga.*[9] See *Higgins v. State.*[10] Without such argument, this seventh enumeration is also deemed abandoned. See *Time Warner Entertainment Co.*, supra, 254 Ga. App. at 605 (3) (a).

For these reasons, we deem all of Guilford's enumerations abandoned. See *Kappelmeier v. Household Realty Corp.*[11] Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MARCH 6, 2009.

Bonita B. Guilford, *pro se.*

*Adorno & Yoss, Kenneth W. Muhammad, Roxann S. Smithers,* for appellee.

---

[9] *Time Warner Entertainment Co. v. Six Flags Over Ga.*, 254 Ga. App. 598, 605 (3) (a) (563 SE2d 178) (2002).

[10] *Higgins v. State*, 251 Ga. App. 175, 178 (3), n. 3 (554 SE2d 212) (2001).

[11] *Kappelmeier v. Household Realty Corp.*, 276 Ga. App. 575, 576 (2) (623 SE2d 752) (2005).