A10A0679, A10A0680. BENNETT v. QUICK et al. (two cases).
(699 SE2d 539)

BARNES, Presiding Judge.

In two related appeals, Jaye C. Bennett appeals from the judgment of the trial court awarding damages to Regina Quick, in

her capacity as administrator of the estate of Arthur A. Bennett, and Joyce Bennett, in her capacity as executor of the estate of Elena A. Bennett, and appeals from an order finding her in contempt. Following our review, we affirm.

### Case No. A10A0679

Quick and Joyce Bennett filed the underlying lawsuit in their capacities as administrator of the estate of Arthur Bennett and executor of the estate of Elena Bennett, respectively, alleging that Jaye Bennett fraudulently induced Arthur Bennett and Elena Bennett to give her power of attorney for their estates, and wrongfully abused her power of attorney by converting monies from the two estates to her own use. The trial court found that Bennett had abused her fiduciary duty and fraudulently conveyed monies from the estates for her own use, and awarded compensatory and punitive damages to the estates, as well as attorney fees and court costs. It is from this order that Bennett appeals.

In her appellate brief Bennett does not support her 50 enumerations of error with argument, citation of authority, or record citations. There is not a single reference to the record in her enumerated errors. Although Bennett is acting pro se, "that status does not relieve [her] of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this Court." (Punctuation and footnote omitted.) *West v. West*, 299 Ga. App. 643, 644 (683 SE2d 153) (2009). Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." Court of Appeals Rule 25 (c) (2) further provides that "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."

"Appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (1) (457 SE2d 251) (1995). "The burden is upon the party alleging error to show it affirmatively in the record." *Guilford v. Marriott Intl.*, 296 Ga. App. 503, 504 (675 SE2d 247) (2009).

> Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court. Even when those requirements are ignored, where possible we will, to the best of our ability, attempt to discern those

arguments that have been supported with argument and citation of authority. Here, however, any assertions of error which we might perhaps discern are unsupported by argument or citation of authority. . . .

(Citation, punctuation and footnote omitted.) *Blackmon v. Moran*, 267 Ga. App. 425 (599 SE2d 363) (2004).

Moreover, even if we could decipher Bennett's arguments such that we could exercise our discretion to review her multitude of enumerations on the merits, we would affirm the judgment of the trial court because most of her factual assertions appear to be based on transcripts not included in the record. In the absence of a transcript or an agreed-upon statement of the events at the hearing, "we must presume the trial judge ruled correctly on all issues presented and that the evidence was sufficient to support the judgment. We cannot consider factual assertions in briefs that are not supported by the record." (Punctuation and footnote omitted.) *Rice v. Lost Mountain Homeowners Assn.*, 288 Ga. App. 714, 715 (1) (a) (655 SE2d 214) (2007).

We reiterate that it is unacceptable to simply list a myriad of errors, without more, and expect the appellate court to be able to review such an appeal for error.

Accordingly, this appeal presents nothing for our review, and Bennett's enumerations are deemed abandoned. See Court of Appeals Rule 25 (c) (2); *Guilford v. Marriott Intl.*, supra, 296 Ga. App. at 505.

Thus, the judgment of the trial court is affirmed.

### Case No. A10A0680

The trial court issued an ex parte temporary restraining order prohibiting Bennett from disposing of any property granted to her by Elena Bennett. Following a hearing, the trial court issued an interlocutory injunction and restraining order continuing the ex parte order specifically as to a certain piece of real property, on which Bennett was ordered to continue making mortgage payments. After Bennett failed to make mortgage payments on the property, it was foreclosed upon. Bennett was found in contempt and ordered to pay $7,000, the purported equity in the property, and attorney fees and costs for violating the interlocutory injunction. She appeals from that order.

Here, as in the companion appeal, Bennett has merely listed 46 enumerations of error without any citations to the record, argument, or authority in support of her allegations. See Court of Appeals Rule 25 (c) (2) (i). There is also no "statement of the proceedings below

and the material facts relevant to the appeal and the citation of such parts of the record or transcript essential to a consideration of the errors complained of. . . ." Court of Appeals Rule 25 (a) (1). Indeed, nothing in Bennett's brief can be construed as legal argument, "which requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts." (Punctuation omitted.) *Guilford v. Marriott Intl.*, supra, 296 Ga. App. at 505.

Thus, as in Bennett's companion appeal, the enumerations of error are deemed abandoned under Court of Appeals Rule 25 (c) (2).

*Judgments affirmed. Blackburn and Bernes, JJ., concur.*

DECIDED JUNE 25, 2010 —
RECONSIDERATION DENIED JULY 29, 2010.

Jaye Bennett, *pro se.*
*Regina M. Quick, Barry L. Fitzpatrick*, for appellees.