**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 7, 2021**

# In the Court of Appeals of Georgia

A21A1239. TUCKER et al. v. CRYSTAL CLEAR LUXURY POOLS, INC.

PHIPPS, Senior Appellate Judge.

Eli and Crystal Tucker appeal from the judgment of the trial court awarding damages to Crystal Clear Luxury Pools, Inc., as assignee of Crystal Clear Pools and Spas, Inc. ("Crystal Clear Pools"). For the following reasons, we affirm.

The record shows that Crystal Clear Pools sued the Tuckers for an amount allegedly due under a contract, attaching the contract and an invoice to the complaint. The Tuckers answered and filed a counterclaim for damages. Following a bench trial held via video conference, the trial court found in favor of Crystal Clear Pools and entered final judgment against the Tuckers in the amount of $17,743.25.[1] According

---

[1] This amount represents a judgment of $14,034.50 and an award of attorney fees of $4,908.75 in favor of Crystal Clear Pools, offset by a judgment in favor of the

to the trial court's final judgment, the parties presented sworn testimony and introduced exhibits into evidence at the bench trial. The Tuckers, proceeding pro se, appeal this ruling, enumerating as errors the trial court's consideration of an allegedly forged and illegible contract and the court's nearly four-month delay in entering its judgment.

At the outset, we note that the Tuckers' appellate brief fails to comply with our Court rules. Notably, the Tuckers' brief does not contain proper citations to the specific page numbers of the record or transcript that are essential to consideration of the enumerated errors. See Court of Appeals Rule 25 (a) (1), (c) (2) (i). Factual representations contained in the parties' briefs that are unsupported by evidence of record cannot be considered in the appellate process. See *Crewe Acquisitions v. Kendrick*, 351 Ga. App. 624, 626, n. 5 (832 SE2d 442) (2019). In addition, the Tuckers include exhibits in their appellate brief that cannot be considered in our review. Parties are directed by our Court rules not to attach documents or exhibits to their briefs on appeal, and we do not consider attachments to briefs that do not appear in the appellate record. Court of Appeals Rule 24 (g) ("Do not attach documents or exhibits to appellate briefs or motions for reconsideration."); *Crewe Acquisitions*, 351

Tuckers on their counterclaim in the amount of $1,200.

Ga. App. at 526, n. 5 (parties cannot supplement the record merely by attaching documents or exhibits to their briefs).

Although the Tuckers are proceeding pro se, they are not relieved of their obligation to conform to this Court's rules. *Bennett v. Quick*, 305 Ga. App. 415, 416 (699 SE2d 539) (2010). "The rules of this [C]ourt are not intended to provide an obstacle for the unwary or the pro se appellants"; however, briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's contentions on appeal. *Williams v. State*, 318 Ga. App. 744, 744-745 (734 SE2d 745) (2012). In addition, "[t]he burden is upon the party alleging error to show it affirmatively in the record," and "[a]ppellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." *Bennett*, 305 Ga. App. at 416 (citations and punctuation omitted).

Here, the Tuckers' assertion of error regarding the trial court's delay in entering its judgment is unsupported by argument or citations of authority, and, therefore, is deemed abandoned. See Court of Appeals Rule 25 (c) (2); *Bennett*, 305 Ga. App. at 417.

Moreover, the Tuckers' factual assertions regarding their remaining enumerations of error are based on evidence considered by the trial court. In fact, the

3

trial court's order notes that judgment was entered following a bench trial "[b]ased upon the sworn testimony presented and exhibits introduced into evidence." However, the Tuckers have failed to include a trial transcript with their appeal, specifically designating in their notices of appeal that "[a] transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." It is well settled that "[i]n the absence of a transcript or an agreed-upon statement of the events at the hearing, we must presume the trial judge ruled correctly on all issues presented and that the evidence was sufficient to support the judgment." *Bennett*, 305 Ga. App. at 417 (citation and punctuation omitted); accord *Holmes v. Roberson-Holmes*, 287 Ga. 358, 361 (1) (695 SE2d 586) (2010). Because the Tuckers' challenges draw into question the evidence presented at the bench trial, we must assume in the absence of a transcript of that trial that the trial court's judgment was

correct and thus affirm. See *Holmes*, 287 Ga. at 361 (1); *Bennett*, 305 Ga. App. at 417.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*