**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 11, 2022**

# In the Court of Appeals of Georgia

A22A0554. IN THE INTEREST OF N. C. et al., children.

PHIPPS, Senior Appellate Judge.

The mother of N. C., A. R., M. R., L. R., and P. R., all minor children,[1] appeals from a juvenile court order denying her amended "motion to set aside and vacate judgment [and] enter another and different judgment and petition for immediate return [of] custody." The mother contends that the juvenile court erred by (a) denying her motion to set aside and vacate judgment; (b) denying her petition for return of custody; (c) not allowing her to seek an attorney and failing to determine whether she qualified for indigent counsel at a preliminary protection hearing; and (d) "failing to

---

[1] A. R. was born May 30, 2008; M. R. was born July 30, 2009; N. C. was born August 13, 2014; and twins L. R. and P. R. were born August 14, 2018.

see if any of the fathers had abandoned their opportunity to parent" their respective children. For the following reasons, we affirm.

The record shows that the Fayette County Department of Family and Children Services ("DFCS") filed a dependency petition in July 2020, claiming that it had received a referral alleging that the mother had been arrested for cruelty to children. On July 16, 2020, the juvenile court held a preliminary protective hearing and, on that same date, following the hearing, entered a dependency removal order placing the children in the temporary custody of DFCS. On August 7, 2020 (nunc pro tunc to July 16, 2020), the juvenile court issued a preliminary protective order finding probable cause to believe that the children were dependent as defined in OCGA § 15-11-2 (22) and awarding custody to DFCS pending an adjudication hearing.

Following an adjudicatory hearing, the juvenile court entered another order in August 2020 finding that the children were dependent and again awarding temporary custody of the children to DFCS. In an order entered in October 2020, the juvenile court granted a motion filed by DFCS and the children's guardian ad litem asking the court to suspend the mother's visitation due to her improper behavior during a supervised visit. Following a judicial review hearing held in November 2020, the juvenile court entered an order (a) finding that continued removal of the children

2

from their home and continuation in foster care was in their best interest, (b) ordering that the children remain in the temporary custody of DFCS until further order of the court, (c) granting a request by DFCS to change the case plan from reunification to concurrent reunification and non-reunification, (d) ordering the mother to comply with her case plan, and (e) continuing suspension of the mother's visitation with the children.

In January 2021, the mother filed a motion for return of custody. Following hearings on the motion, the juvenile court entered a March 29, 2021 order in which it found that the children remained dependent, denied the mother's motion for return of custody, and ordered that custody remain with DFCS. The court also ordered that visitation by the mother continue to be suspended.

On April 1, 2021, the juvenile court granted a petition for legitimation filed by the father of N. C. and awarded temporary custody of N. C. to her father. On that same day, the juvenile court also granted a petition for legitimation filed by the father of L. R. and P. R. and awarded temporary custody of L. R. and P. R. to their father.

Also in April 2021, the mother appealed from the March 29 dependency and custody order and the April 1 legitimation orders. The mother's appeal was docketed

3

as Case No. A21A1429,[2] and this Court subsequently affirmed the juvenile court's rulings. See *In the Interest of N. C.*, ___ Ga. App. ___ (870 SE2d 569) (Case No. A21A1429) (decided March 8, 2022).

Before the juvenile court issued the March 29 and April 1 orders, the mother filed and then amended a motion requesting that the court vacate its judgment entered on July 16, 2020 — the dependency removal order temporarily placing the children in DFCS custody — and immediately return full custody to the mother. Both the motion and the amendment to the motion noted that — as of the dates of the motion and amendment — the juvenile court had not yet ruled on the mother's previously filed motion for return of custody (which the court denied on March 29, 2021). After she appealed the March 29 and April 1 orders, the mother filed an "amendment to motion to set aside and vacate judgment [and] enter another and different judgment and petition for immediate return of custody," in which she sought to set aside all prior judgments under OCGA § 9-11-60 (d) (2) and again asked the juvenile court to immediately return full custody of the children to her. On September 3, 2021, the

___

[2] The mother's appeal of an earlier custody order was dismissed for lack of jurisdiction because she was represented by counsel at the time she filed that pro se notice of appeal. See Case No. A21A0841 (Feb. 8, 2021). She is no longer represented by counsel.

4

juvenile court denied the amended motion and petition. The mother now appeals from the September 3 order.

1. We begin by noting that the mother's brief fails to comply with this Court's rules in a number of respects. For instance, the brief does not include a statement of the method by which each enumeration of error was preserved for review on appeal. See Court of Appeals Rule 25 (a) (1). In addition, none of the enumerated errors are supported by specific reference to the record or transcript as required by Court of Appeals Rule 25 (c) (2) (i). Although the mother's brief includes pages of citations to statutes and case law, she includes little if any argument regarding the applicability of those citations to this case. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); see also *Woods v. Hall*, 315 Ga. App. 93, 96 (726 SE2d 596) (2012) ("legal argument . . . requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts") (citation and punctuation omitted). Furthermore, the mother's claims of error are argued collectively, and the arguments are intermingled with each other. See generally Court of Appeals Rule 25 (c) (1) ("The sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly."). Consequently, it is

5

difficult — if not impossible — to discern the nature and merit of the mother's arguments.

Although the mother is proceeding pro se, she is not relieved of her obligation to conform to this Court's rules. *Bennett v. Quick*, 305 Ga. App. 415, 416 (699 SE2d 539) (2010). "The rules of this [C]ourt are not intended to provide an obstacle for the unwary or the pro se appellant"; however, briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's contentions on appeal. *Williams v. State*, 318 Ga. App. 744, 744-745 (734 SE2d 745) (2012). In addition, "[t]he burden is upon the party alleging error to show it affirmatively in the record," and "[a]ppellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." *Bennett*, 305 Ga. App. at 416 (citations and punctuation omitted). Further, while we exercise our discretion to consider the mother's arguments on appeal to the extent we are able to do so, if we have missed something in the record or have misconstrued an argument due to her non-conforming brief, the responsibility rests with the mother. See *Clemmons v. State*, 340 Ga. App. 57, 58 (1) (796 SE2d 297) (2017).

2. In related enumerations, the mother asserts that (a) the juvenile court "abused its discretion by removing [her] five minor children without applying the appropriate legal standard to the [j]uvenile [c]ourt proceedings prior to and after the illegal and unlawful removal on July 16, 2020[;]" (b) the juvenile court erred in denying her motion to set aside and vacate its prior judgment because "DFCS removed [her] five minor children without applying the appropriate legal standard[,] which caused an intrinsic defect in the proceedings" as "the result of fraud, accident, mistake[,] or the acts of the adverse party[;]" and (c) "the evidence failed to support the trial court['s] decision in granting the removal and continued illegal and unlawful detainment of [the] mother['s] five minor children." We discern no reversible error.

In her motion and amendments to the motion requesting that the juvenile court vacate its July 16, 2020 judgment and immediately return full custody to her, the mother explained that she was "not claiming a legal error by the [juvenile] court[;] she [rather was] claiming 'fraud upon the court' by the opposing parties." The mother asserted that her children "were removed without any evidence presented in the July 16, 2020[ ] hearing (only testimony from [a caseworker] claiming that the mother was bipolar and that there were allegations of abuse)." (Capitalization omitted.) "There was no imminent danger or substantial amount of evidence that was presented for

7

cause of the illegal and unlawful removal of [her] five children[,]" according to the mother. (Capitalization omitted.) "Rather," she claimed, "the children were illegally removed through deception, a crime in the State of Georgia," as "[t]he removal was based off of bald assertions[ ] and fabricated evidence from many members of the Fayette County [j]udicial [s]ystem."

Similarly, in her appellate brief, the mother asserts that she "is alleging 'a scheme by which the integrity of the judicial process had been fraudulently subverted' and involves far more than a single injury[.]" She contends that "[t]here has never been any imminent danger, nor risk at any moment to [her] children. The removal was not based off clear and convincing evidence of deprivation . . . but was instead arbitrary and based on insufficient and improper reasoning." This contention, though, depends entirely on her fraud allegations. The mother cites OCGA § 15-11-32, which provides, in relevant part, that "[a]n order of the court shall be set aside if . . . [i]t appears that it was obtained by fraud or mistake sufficient therefor in a civil action." OCGA § 15-11-32 (a) (1). The mother also cites OCGA § 9-11-60 (d) (2), which provides that "[a] motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant[.]" However, the mother has not identified

8

any evidence of fraud in the record. Because her claims that there was no clear and convincing evidence of dependency and that the juvenile court removed her children without applying the appropriate legal standard are based on her allegations of fraud, the mother has not met her burden of showing reversible error. See *In the Interest of H. B.*, 346 Ga. App. 163, 165 (1) (816 SE2d 313) (2018) ("Appellants have the burden of showing error affirmatively by the record.") (citation and punctuation omitted).

3. The mother contends that the juvenile court abused its discretion by denying her petition for return of custody. We disagree.

In her motion to vacate judgment and immediately return full custody to her, and in her first amendment to that motion, the mother noted that the juvenile court had not yet ruled on her previously filed motion for return of custody. In the mother's "amendment to motion to set aside and vacate judgment [and] enter another and different judgment and petition for immediate return of custody," which was filed after the juvenile court denied her January 2021 motion for return of custody in its March 29, 2021 order, the mother sought to set aside and vacate all prior judgments issued by Judge Stephen Ott,[3] including the March 29, 2021 order, and again asked

---

[3] Judge Ott voluntarily recused himself on April 1, 2021.

the juvenile court to return full custody of the children to her. As the juvenile court explained in its September 3, 2021 order, "[p]resumably, [the mother] contends that she should immediately secure the return of her children to her custody because of her allegations of various deficiencies in the [c]ourt's prior proceedings and the orders yielded therefrom."[4] As we concluded in Division 2, above, the mother has not met her burden of showing that the juvenile court erred in denying her motion to vacate and set aside the prior judgments. Because the mother's argument that the juvenile court abused its discretion by denying her petition for return of custody is based on her failed fraud-based challenges to the prior orders in her motion to vacate and set aside the prior judgments, this argument fails.

4. The mother claims that the juvenile court erred "in failing to check [her] qualification for indigent counsel and not allowing [her] to seek an [a]ttorney" at the July 16, 2020 preliminary protective hearing. We disagree.

The parties and children have the right to an attorney at all stages of dependency proceedings. OCGA § 15-11-103 (a). A party (other than a child)

---

[4] The juvenile court noted that it had conducted a permanency review hearing on August 6, 2021, and concluded that the children remained dependent and that none of the children should be returned to the mother at that time. The August 30, 2021 permanency review order, based on the evidence presented at the August 6 hearing, is not at issue in this appeal.

10

shall be informed of his or her right to an attorney prior to any hearing [and] shall be given an opportunity to: (1) [o]btain and employ an attorney of such party's own choice; (2) [o]btain a court appointed attorney if the court determines that such party is an indigent person; or (3) [w]aive the right to an attorney, provided that such waiver is made knowingly, voluntarily, and on the record.

OCGA § 15-11-103 (g). Here, the record reveals that the juvenile court fulfilled its duty under OCGA § 15-11-103 (g):

> COURT: All right. And so has anyone talked with Mom or any of the fathers about their rights to counsel?
> COUNSEL FOR DFCS: No, Your Honor.
> COURT: All right. So let me just say for Mom and for the fathers, if you wish, you are entitled to have attorneys to represent you. More than likely, you would need separate attorneys. And you can hire an attorney. You are certainly allowed to. And, Mom, you would be allowed to. Or you can make an application with our Public Defender's Office. They routinely provide defense in this type of matter. And if you qualify, then they would provide you with an attorney. So let me ask Mom. [Mother], do you think you want the opportunity to have an attorney to help you?
> MOTHER: I have an attorney. Attorney George Thorpe, Sr.
> COURT: George?
> MOTHER: Yeah.
> COURT: Do you want George Thorpe's involvement in this case?

11

MOTHER: I don't think there's — honestly, I don't even think there's nothing — they don't have anything against me. So, I mean, I [will] be doing my part for the court.

The record shows that the juvenile court informed the mother of her right to an attorney and explained that she could hire an attorney or apply for one through the public defender's office. When the court asked the mother if she wanted the opportunity to have an attorney represent her, the mother declined, claiming that she had an attorney and did not believe that she needed him to be involved. Under these circumstances, we discern no error as asserted by the mother — that the court erred "in failing to check [her] qualification for indigent counsel and not allowing [her] to seek an [a]ttorney."

5. Finally, the mother contends that the juvenile court erred "in failing to see if any of the fathers had abandoned their opportunity to parent [a] child." The mother fails to cite any applicable legal authority or make any argument whatsoever supporting this contention. Consequently, the mother has abandoned this claim of error. See Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*