# Court of Appeals
# of the State of Georgia

ATLANTA,  August 01, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1727. ASPIRE MEDICAL PARTNERS, LLC v. GEORGIA ACCESS TO MEDICAL CANNABIS COMMISSION et al.**

Aspire Medical Partners, LLC ("Aspire Medical") filed an application for discretionary appeal from the superior court's order refusing to consider under the Georgia Administrative Procedure Act the final decision of the Georgia Access to Medical Cannabis Commission ("GAMCC") to deny Aspire Medical a license to manufacture and sell medical cannabis. See Case No. A23D0147. We granted the discretionary application on November 29, 2022, and Aspire Medical filed a timely notice of appeal.[1] In May 2023, GAMCC filed in the trial court a motion to dismiss the appeal pursuant to OCGA § 5-6-48 (c) based on Aspire Medical's delay in filing a transcript. Concluding that Aspire Medical had caused an unreasonable and inexcusable delay, the trial court granted the motion to dismiss the appeal. Aspire Medical filed this timely direct appeal from that judgment. However, we lack jurisdiction.

An order dismissing an appeal based on a delay in filing a transcript is directly appealable, assuming the judgment being appealed from is itself directly appealable. *Kappelmeier v. Household Realty Corp.*, 276 Ga. App. 575, 576 (1) (623 SE2d 752) (2005); *Barmore v. Himebaugh*, 205 Ga. App. 381, 382 (1) (422 SE2d 255) (1992). But where the underlying subject matter requires a discretionary application for

---

[1] On the same date, we granted several other applications involving questions related to those raised in Aspire Medical's application. See Case Nos. A23D0111; A23D0135; A23D0136; A23D0140; A23D0149.

appellate review, an appellant must file an application – even if the order is otherwise procedurally subject to direct appeal. See *Rebich v. Miles*, 264 Ga. 467, 468-469 (448 SE2d 192) (1994). An appeal from a decision of the superior court reviewing a decision of a state administrative agency requires an application for discretionary appeal. OCGA § 5-6-35 (a) (1). In this case, the State Office of Administrative Hearings affirmed GAMCC's decision to deny a license to Aspire Medical. And the superior court dismissed Aspire Medical's petition for judicial review. Thus, the underlying subject matter is the superior court's review of a decision of a state administrative agency. See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) ("OCGA § 5-6-35 (a) (1) . . . is not limited to 'appeals' to the superior court but instead applies to appeals from the superior court's 'review' of an administrative agency decision, however that judicial review is sought.") (punctuation omitted). Because Aspire Medical failed to file a discretionary application from the judgment it now seeks to appeal, we are without jurisdiction to hear the merits of the appeal. See generally *Rebich*, 264 Ga. at 469.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*   08/01/2023

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
, *Clerk.*
